Carla M. Wirtschafter (SBN 292142)
Email:   cwirtschafter@reedsmith.com
REED SMITH LLP
1901 Avenue of the Stars, Suite 700
Los Angeles, CA  90067-6078
Telephone 310-734-55200
Fax 310-734-5299

Jordan W. Siev (*Pro hac vice*)
599 Lexington Avenue, 29th Floor
New York, NY 10022
Tel: (212) 521-5400
Fax: (212) 521-5450
jsiev@reedsmith.com

Rizwan A. Qureshi (*Pro hac vice*)
1301 K Street, N.W.
Suite 1000, East Tower
Washington, DC 20005-3317
Telephone: (202) 414-9200
Facsimile: (202) 414-9299
Email: rqureshi@reedsmith.com

*Attorneys for Petitioner
  Daniel Snyder*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Application of Daniel Snyder for an Order Directing Discovery from New Content Media Inc. d/b/a MEA WorldWide Pursuant to 28 U.S.C. § 1782 | Misc. Action No. 2:20-mc-00076<br><br>**Supplemental *Ex Parte* Petition for Assistance in Aid of a Foreign Proceeding Pursuant to 28 U.S.C. § 1782 to Serve Additional Document Requests and Deposition Topics Identified in Exhibits T and U Hereto**<br><br>*The Honorable Michael R. Wilner* |

## SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Petitioner Daniel Snyder ("Petitioner") files this Supplemental *Ex Parte* Petition for Assistance in Aid of a Foreign Proceeding Pursuant to 28 U.S.C. § 1782 in order to request limited additional discovery from Respondent New Content Media, Inc. ("Respondent" or "New Content") in aid of litigation currently pending in The High Court of Delhi at New Delhi (the "Indian Court"), bearing the caption *Daniel Snyder Through His SPA Holder vs. Eleven Internet Services LLP & Ors.*, filed August 7, 2020 (the "Indian Action").

On August 7, 2020, Petitioner filed an *Ex Parte* Petition for Assistance in Aid of a Foreign Proceeding Pursuant to 28 U.S.C. § 1782 seeking discovery from Respondent related to the publication of certain defamatory articles by MEA WorldWide ("MEAWW") on its website located at the URL http://www.meaww.com. Respondent is the only U.S.-based entity associated with MEAWW, and the other defendants named in the Indian Action, and according to the MEAWW Privacy Policy, Respondent hosts and operates MEAWW's websites, apps, social media pages and emails messages in the United States. *See* Dkts. 1, 9, 10. That application is *sub judice*.

By this Supplemental *Ex Parte* Petition for Assistance in Aid of a Foreign Proceeding Pursuant to 28 U.S.C. § 1782, Petitioner seeks authorization from this Court to serve the additional discovery on Respondent contained in Exhibits T and U, attached to the Second Supplemental Declaration of Rizwan Qureshi, dated September 2, 2020 ("Qureshi Decl."), filed concurrently herewith. This discovery seeks 6 additional Document Requests and 4 additional Deposition Topics related to Respondent's business dealings with Honey House XXX, LLC d/b/a HoneyHouse PR ("HoneyHouse"); its principal, Mr. Ari Bass a/k/a and/or p/k/a Michael Whiteacre ("Mr. Bass"); and Mr. Marc Randazza ("Mr. Randazza"), who has worked extensively with Mr. Bass. As set forth herein and in the Qureshi Decl., HoneyHouse publicly touts its

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

business affiliation with MEAWW – both of whom are active in the online pornography world – specifically, its ability to have its clients get their names/services promoted on MEAWW for pay.  MEAWW of course is a defendant in the Indian Action and the internet platform on which the Defamatory Articles described in the Petition (Dkts. 1-8, 1-9), which falsely alleged sex trafficking and an affiliation with Jeffrey Epstein by Petitioner, were posted.  The affiliation between these entities is thus a proper subject of discovery.

## II.     HONEYHOUSE TOUTS A PUBLIC AFFILIATION WITH MEAWW

Upon information and belief, HoneyHouse is a limited liability company organized and existing under the laws of the State of California, with its principal place of business in Las Vegas, Nevada.  *See* **Qureshi Decl., ¶ 4**.  Upon information and belief, Mr. Bass a/k/a Michael Whiteacre, is an individual residing in Henderson, Nevada, and is a member and director of HoneyHouse.  *Id*.  Upon information and belief, Mr. Randazza is an individual residing in Las Vegas, Nevada.  *Id*.

Upon information and belief, Mr. Bass is the managing member of Honey House XXX LLC, which does business as HoneyHouse PR.  **Qureshi Decl.**, ¶ 3, 4. HoneyHouse claims to be a "[b]outique public relations, marketing and communications company" which will "[b]uild brand awareness" and which has "[o]ver 25 y[ea]rs of [adult film] entertainment industry experience."  **Qureshi Decl., ¶ 5, Ex. M**.

HoneyHouse publicly touts its strong connections with MEAWW on its social media accounts, including prominently featuring the MEAWW logo, along with a handful of other media outlets, on its Twitter account header image.  *Id*.  Specifically, on at least November 10, 2019 and August 30, 2020, HoneyHouse posted Tweets displaying the same image as its Twitter banner image, which highlights the media outlets with which HoneyHouse purportedly has strong connections.  Prominently featured in that image is the MEAWW logo, which also was included in the Tweets that invite potential clients to "Build a buzz," and "Up your game.  DM [direct message] or

email….." *Id.*  Thus, HoneyHouse solicits clients on social media by promoting, among others, the services of MEAWW, which is a clear indication that HoneyHouse touts its ability to have MEAWW place stories on behalf of clients for pay. *Id.*

HoneyHouse has also promoted numerous articles on the pornography industry including, notably, a MEAWW article written about adult film star Addie Andrews. *See, e.g.*, https://twitter.com/HoneyHousePR/status/1189161383058821120 (post dated October 29, 2019).  **Qureshi Decl., ¶ 7, Ex. N.**  This article was written by Priyam Chhetri of MEAWW.  *Id.*

Priyam Chhetri also wrote a story on MEAWW that discussed negative information about an entity called "GirlsDoPorn" following a court ruling against it in San Diego.  **Qureshi Decl., ¶ 8, Ex. O.**  This same entity, "GirlsDoPorn," was the subject of at least two negative Tweets by HoneyHouse, one of which discussed the indictment of the owner and 3 employees of "GirlsDoPorn" for sex trafficking – which is the same as one of the false allegations made against Petitioner by MEAWW. **Qureshi Decl., ¶ 8, Ex. P.**  All of this, again, suggests that HoneyHouse was instrumental in placing the "GirlsDoPorn" story on MEAWW for pay.

To round out further connections, HoneyHouse also follows MEAWW on social media, and also follows several pornographic Twitter accounts which are similarly followed by Dean Williams, the CEO of MEAWW.  **Qureshi Decl., ¶ 6.**  None of this is surprising as both HoneyHouse and MEAWW – along with its affiliate PubNinja – have extensive operations in the online pornography industry.  **Qureshi Decl., ¶¶ 3-8, Exs. M, N, P**.

Further, Mr. Bass and Mr. Randazza have a well-documented history together, much of which has led to litigation.  For example, Randazza and Bass allegedly launched a music production label named Randazza Records, which was alleged to have "breached copyright legislation and stole . . . an audio track of a musical piece" from an individual named Alexandra Mayers.  *See Jennifer Brochey Randazza v. Alexandra Mayers* (Eighth Judicial District Court, Clark County Nevada; Case No. A-14-699072-

C). **Qureshi Decl.**, **¶ 9; Ex. Q.** Ms. Mayers further alleged in court filings that Randazza, Bass and two others were named in a Las Vegas police report (#LLV150429002666) for "consistently stalking, intimidating and harassing [Alexandra Mayers] online and offline." *Id.*

Further apparent ties between Randazza and Bass are borne out by other court filings and articles. *See, e.g., Cox vs. Randazza, et al.*, Docket No. 2:13-cv-00297 (D. Nev. Feb 24, 2013) (naming Mr. Randazza and Mr. Bass as co-defendants in an action arising out of alleged defamation, harassment and threats to an investigative blogger in the adult film industry); https://ellensuazo.wordpress.com/2014/10/08/ex-pornstaractivist-monica-foster-physically-stalked-by-porn-attorney-marc-randazza-and-porn-thug-ari-bass/ ("These men, whom btw have been given mainstream media access on several occasions in the past year, are actively stalking, harassing, intimidating and threatening a fellow activist and anyone else who speaks out about the criminal activity and abuse running rampant in Porn Valley."). **Qureshi Decl., ¶ 10, Exs. R** (Cox Complaint), and **S** (Ellen Suazo Blog)).

Thus, there are extensive ties between Randazza and Bass (and therefore at least indirectly HoneyHouse), and HoneyHouse and MEAWW in the "for pay" placement of stories, all of which makes the requested discovery of their individual or collective dealings with MEAWW the proper subject of discovery in this proceeding.

### III.   DISCOVERY REQUESTED

Based on the above, Respondent appears to be in possession, custody, and/or control of substantial documentary information, including emails, text messages, electronic and physical notes, call records, and other documents, that would demonstrate HoneyHouse's, Mr. Bass's and/or Mr. Randazza's respective roles in the Indian Action Defendants' scheme to defame Petitioner through paid placement of defamatory articles on MEAWW — all of which is currently at issue in the Indian Action. Accordingly, Respondent possesses documents and information that bear

directly upon the issues in the Indian Action and which Petitioner would be unable to obtain through discovery in the Indian Action. **Qureshi Decl., ¶ 11, Exs. T, U.**

### IV. PETITIONER IS ENTITLED TO THE DISCOVERY SOUGHT HEREBY

For the reasons set forth in the first Petition [Dkts. 1, 9], which is incorporated here by reference, Petitioner satisfies the statutory requirements set forth in 28 U.S.C. § 1782(a) for this Court to order discovery in aid of the Indian Action. 28 U.S.C. § 1782(a); *London v. Does 1-4*, 279 F. App'x 513, 515 (9th Cir. 2008).

Similarly, for the reasons set forth in the first Petition, the Court should exercise its discretion and order Respondent to respond to the additional Requests set forth in Exhibit T, and the deposition topics in Exhibit U. The additional document requests and deposition topics in the proposed subpoenas are neither unduly burdensome nor intrusive. Petitioner has tailored his requests to seek only those materials relevant to the Indian Action. Moreover, the documents and information sought necessarily would all be kept in the ordinary course of business and lend themselves to easy identification and production. A proposed order is filed concurrently herewith.

### V. CONCLUSION

For the reasons set forth herein and in the Petition [Dkt. 1], Petitioner respectfully requests that the Court issue an Order, pursuant to 28 U.S.C. § 1782, granting Petitioner leave to serve Respondents with the subpoenas attached to the Qureshi Decl. as Exhibits T and U.

Dated: September 2, 2020

REED SMITH LLP
By: /s/ Rizwan A. Qureshi
Carla Wirtschafter
Jordan W. Siev
Rizwan A. Qureshi
*Attorneys for Petitioner
Daniel Snyder*

- 5 -
SUPPLEMENTAL *EX PARTE* PETITION FOR ASSISTANCE IN AID OF A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782