# **EXHIBIT 3**

Notice of Entry of Judgment

*Randazza v. Mayers*

Electronically Filed
6/21/2017 5:14 PM
Steven D. Grierson
CLERK OF THE COURT

**NEOJ**
Ronald D. Green (Nev. Bar No. 7360)
Alex J. Shepard (Nev. Bar No. 13582)
RANDAZZA LEGAL GROUP, PLLC
4035 S. El Capitan Way
Las Vegas, NV 89147
Telephone: 702-420-2001
Facsimile: 702-420-2003
ecf@randazza.com

**EIGHTH JUDICIAL DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| JENNIFER RANDAZZA, an individual, | Case No.: A-14-699072-C |
| Plaintiff | Dept. No.: XXXII |
| vs. | **NOTICE OF ENTRY OF ORDER** |
| ALEXANDRA MELODY MAYERS, a/k/a MONICA FOSTER, an individual, JANE DOE, and JOHN DOE, | |
| Defendants. | |

PLEASE TAKE NOTICE that on June 13, 2017, the Court entered its Order Granting Plaintiff Jennifer Randazza's Motion for Final Judgment (as to Damages). A true and correct copy of the Order is attached hereto as **Exhibit 1**.

Dated June 21, 2017.

                                                                                                                        RANDAZZA LEGAL GROUP, PLLC
                                                                                                                        /s/ Alex J. Shepard

                                                                                                                        Ronald D. Green
                                                                                                                        Alex J. Shepard

                                                                                                                        Attorneys for Plaintiff
                                                                                                                        *Jennifer Randazza*

Case No. A-14-699072-C

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing document was served upon the following individual via email and U.S. Mail.

Alexandra Mayers
1121 South Military TR #147
Deerfield Beach, FL 33442
<alexandramayers@yahoo.com>

This 21st day of June 2017.

_____
Employee,
Randazza Legal Group, PLLC

# EXHIBIT 1

Electronically Filed
6/21/2017 2:27 PM
Steven D. Grierson
CLERK OF THE COURT

**ORDR**
Ronald D. Green (NV Bar No. 7360)
Alex J. Shepard (NV Bar No. 13582)
RANDAZZA LEGAL GROUP, PLLC
4035 S. El Capitan Way
Las Vegas, NV 89147
Telephone: 702-420-2001
Facsimile: 305-437-7662
ecf@randazza.com

*Attorneys for Plaintiff,*
*Jennifer Randazza*

### EIGHTH JUDICIAL DISTRICT COURT

### CLARK COUNTY, NEVADA

| | |
|---|---|
| JENNIFER RANDAZZA, an individual<br><br>Plaintiff,<br><br>vs.<br><br>ALEXANDRA MELODY MAYERS, a/k/a MONICA FOSTER, an individual, JANE DOE, and JOHN DOE,<br><br>Defendants. | Case No.: A-14-699072-C<br>Dept. No.: XXXII |

### ORDER GRANTING PLAINTIFF JENNIFER RANDAZZA'S MOTION FOR FINAL JUDGMENT (AS TO DAMAGES)

This matter, having come before the Court on Plaintiff Jennifer Randazza's Motion for Final Judgment, and it appearing, upon argument of counsel and for good cause shown, it is hereby ordered that the motion is GRANTED as to the issue of damages:

### I. FACTUAL BACKGROUND

Defendant Alexandra Mayers ("Mayers") owns the Twitter account @MonicaFoster. On February 1, 2014, February 2, 2014, and April 2, 2014, Mayers authored and published a number of "tweets" on her @MonicaFoster Twitter profile, which were aimed at the Plaintiff and her family. While not all of the communications aimed at the Randazzas are in evidence, the more egregious examples are as follows:

- "Tonight I met a woman named Jennifer Randazza who finally is leaving the world of #organizedcrime #prostitution. #porn #news." (February 1, 2014 at 11:48 p.m.)
- "I'm writing a detailed article on Jennifer Randazza's situation this week. Look for it on pornstarhookeralert.com & xxxOrganizedCrime.com." (February 1, 2014 at 11:49 p.m.)
- "It's amazing how many #attorneys like #marcrandazza are willing to #sextraffic/#pimp their wives & girlfriends into #porn. #OrganizedCrime." (February 2, 2014 at 12:19 a.m.)
- "#porn #legal #News: On tomorrow's MonicaAtHome.com webcast I will present evidence pointing to Jennifer Randazza having been a hooker." (April 2, 2014 at 1:28 a.m.)

When these statements were published, Mayers's @MonicaFoster Twitter account was publicly accessible and had approximately 14,000 followers or subscribers. Plaintiff and Mayers have never met in person, nor have they ever communicated with each other in any way. Mayers initially asserted that the factual bases for her "tweets" came from a "meeting" or "electronic communication" from Plaintiff. However, Mayers admitted in a blog post-dated April 13, 2014 that she "never was convinced that the message was really from Jennifer Randazza considering that [Mayers] never received a follow up . . . ." Mayers also admitted on the record that she did not have a factual basis for her statements. Mayers admits that these statements were all authored and published by her.

Shortly after Mrs. Randazza filed her Complaint, Mayers made numerous statements online directed at Mrs. Randazza and her family. Most troublingly, she stated on April 19, 2014 that "**I have no issues with projectiles that travel around 681.8 MPH. I will only say this once . . . whatever you take from me, make sure it's worth that projective aimed at you :)**". This was a threat intended to put Mrs. Randazza and her family in fear of bodily harm, as this refers to the velocity of a bullet. Mayers did not deny this when confronted with it at the hearing on March 9, 2017, and for this and other harassing conduct, the Randazza family previously secured a Protective Order against Mayers on July 25, 2014, preventing Mayers from contacting or coming into the physical proximity of Mrs. Randazza or her family. In this Court's view,

Mayers's April 19, 2014 tweet crossed the line from civil liability to criminal liability, and the Court takes judicial notice of the July 25, 2014 Protective Order.

On July 12, 2016, the Court granted summary judgment in favor of Mrs. Randazza, finding that Mayers's statements on Twitter were false and defamatory per se and placed Mrs. Randazza in a false light. The Court also found that Mayers acted recklessly in making these statements.

Throughout this litigation, and until at least February 2017, Mayers continued to make harassing and threatening statements on her Twitter account directed at Mrs. Randazza and her family. In these Twitter posts, among other things, she repeated some of the statements that the Court had already deemed false and defamatory. She additionally stated that these false and defamatory statements were accurate and that she did not apologize for any of her statements.

On December 16, 2016, Mrs. Randazza filed her Brief on Damages with the Court. She provided evidence of actual damages to her reputation in the form of a report from the reputation management company Relevant Research Inc. asserting that, in order to rehabilitate Mrs. Randazza's reputation after Mayers made her false and defamatory statements, Mrs. Randazza would need to conduct a multi-faceted, 18-month long Internet campaign that would cost her between $58,100 and $66,600. This report was supported by a declaration from Michael Podolsky, an agent of Relevant Research, Inc. Mayers did not challenge or rebut this evidence. Mrs. Randazza also provided declaration testimony that she had unusual difficulty securing employment, that she suffered significant emotional harm, and that her personal relationships suffered as a result of Mayers's statements. She additionally provided declaration testimony that she did not have a significant online presence before Mayers made her statements. Mayers did not challenge or rebut this evidence.[1]

---

[1] Mrs. Randazza also sought punitive damages in the Brief on Damages. During the hearing on the Motion for Final Judgment, however, counsel for Mrs. Randazza expressed that, while she believes punitive damages are more than justified given Mayers's conduct, she is willing to withdraw this request for the sake of judicial efficiency.

## II. DISCUSSION
### A. Plaintiff is Entitled to Presumed and Actual Damages for Reputational Harm

In a defamation *per se* case, "[d]amages are presumed 'because of the impossibility of affixing an exact monetary amount for present and future injury to the plaintiff's reputation, wounded feelings and humiliation, [or] loss of business.'" *K-Mart Corp. v. Washington*, 109 Nev. 1180, 1195 (1993) (quoting *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 373 n.4 (1974) (White, J., dissenting)), *abrogated on other grounds by Pope v. Motel 6*, 121 Nev. 307 (2005). A factfinder is "permitted to assess damages considered to be the natural and probable consequences of the defamatory words on proof of the defamation alone." *K-Mart*, 109 Nev. at 1195. A plaintiff must offer competent evidence to support a request of general damages awarded for defamation *per se*, but this evidence is "not necessarily of the kind that 'assigns an actual dollar value to the injury.'" *Nevada Ind. Broadcasting Corp. v. Allen*, 99 Nev. 404, 418 (1983) (quoting *Gertz*, 418 U.S. at 350). In Nevada, an award of compensatory damages in such cases will be affirmed "unless the award is so excessive that it appears to have been given under the influence of passion or prejudice." *Bongiovi v. Sullivan*, 138 P.3d 433, 448.

In addition to general reputational harm, loss of business is also compensable as presumed damages in defamation *per se* cases. *See K-Mart*, 109 Nev. at 1195. Even without thorough documentation of economic harms, courts have upheld significant damages awards for such presumed damages. Despite being barred from presenting evidence of quantifiable economic harm, the plaintiff in *Cohen v. Hansen*, 2016 U.S. Dist. LEXIS 55976, *16-17 (D. Nev. Apr. 27, 2016) was awarded $38.3 million in damages by a jury in a defamation *per se* case on far less egregious facts. *See id.* at *16 (Defendants compared a real estate agent to Bernie Madoff). Part of the evidence considered by the jury consisted of business deals that may not have gone through due to the defendant's statements (the value of which could not be quantified) and the costs of an SEO campaign to rehabilitate the plaintiff's reputation. *See id.* at *14-15. The U.S. District Court for the District of Nevada did not find this amount to be excessive. *See id.* at 17.

Mrs. Randazza has already prevailed on her defamation per se and false light claims, and is thus entitled to these damages. She has provided evidence of the cost of remediating the actual reputation harm of between $58,100 and $66,600, as well as testimony regarding possible lost employment opportunities and loss of anonymity on the Internet. These damages are compensable.

**B. Mrs. Randazza is Entitled to Actual Damages for Emotional Harm**

A false light claim in Nevada allows for the recovery of a plaintiff's emotional harm, which is one of the distinguishing factors between false light and defamation claims. *See Franchise Tax Board v. Hyatt*, 335 P.3d 125, 142 (2014). While Mrs. Randazza alleges significant emotional distress as a result of Mayers's statements, she does not allege any particular physical or emotional disorder. Her emotional damages thus fall into a category of emotional distress that do not necessarily require expert testimony or documentation of medical expenses. *Roberts v. Clark Cnty. Sch. Dist.*, 312 F.R.D. 594, 607 (D. Nev. 2016) (citing *EEOC v. Wal-Mart Stores, Inc.*, 276 F.R.D. 637, 640-41 (E.D. Wash. 2011)).

Mrs. Randazza has provided unrebutted testimony that she suffered emotional distress as a result of Mayers's conduct. It is also significant that during the course of litigation Mayers continued to engage in the same conduct, aimed at Mrs. Randazza and her family. For example, the statement from April 19, 2014 referring to "projectiles that travel around 681.8 MPH" can only reasonably be interpreted as an allusion to bullets being fired from a gun, thus constituting a clear threat of violence, which placed the Plaintiff and her family in fear of bodily harm. (*See Exhibit 3* to Motion for Permanent Injunction (application for Temporary Protective Order; *see also Exhibit 4* to Motion for Permanent Injunction (Temporary Protective Order.)) Mrs. Randazza successfully secured a protective order against Mayers due to the severity of this behavior. Id. Her emotional harms are thus compensable as well.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion is GRANTED. It is ORDERED and adjudged that Plaintiff Jennifer Randazza is awarded damages as follows:

1. Presumed damages in the amount of $50,000.
2. Actual reputational damages in the amount of $66,600.00.
3. Actual emotional damages in the amount of $50,000.00.

IT IS FURTHER ORDERED that there is a final judgment against Defendant Alexandra Mayers in the amount of $166,600.00, for which let execution issue immediately.

IT IS FURTHER ORDERED that this Order authorizes the imposition of any costs and fees that Mrs. Randazza and her counsel incur in collecting the $166,600.00, and the court retains jurisdiction for the purpose of permitting a motion for fees and costs incurred in collection efforts.

Dated this 13 day of June, 2017

_____
DISTRICT COURT JUDGE
ROB BARE
JUDGE, DISTRICT COURT, DEPARTMENT 32

Submitted by:

/s/ Alex J. Shepard
Ronald D. Green (NV Bar No. 7360)
Alex J. Shepard (NV Bar No. 13582)
RANDAZZA LEGAL GROUP, PLLC
4035 S. El Capitan Way
Las Vegas, NV 89147
ecf@randazza.com

*Counsel for Plaintiff,
Jennifer Randazza*

- 6 -
Order Granting Motion for Final Judgment (as to Damages)
A-14-699072-C