Carla M. Wirtschafter (SBN 292142)
Email:   cwirtschafter@reedsmith.com
REED SMITH LLP
1901 Avenue of the Stars, Suite 700
Los Angeles, CA  90067-6078
Telephone 310-734-55200
Fax 310-734-5299

Jordan W. Siev (*Pro hac vice*)
599 Lexington Avenue, 29th Floor
New York, NY 10022
Tel: (212) 521-5400
Fax: (212) 521-5450
jsiev@reedsmith.com

Rizwan A. Qureshi (*Pro hac vice*)
1301 K Street, N.W.
Suite 1000, East Tower
Washington, DC 20005-3317
Telephone: (202) 414-9200
Facsimile: (202) 414-9299
Email: rqureshi@reedsmith.com

*Attorneys for Petitioner
   Daniel Snyder*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Application of Daniel Snyder for an Order Directing Discovery from New Content Media Inc. d/b/a MEA WorldWide Pursuant to 28 U.S.C. § 1782 | Misc. Action No. 2:20-mc-00076<br><br>**Petitioner Daniel Snyder's Response to "Emergency Motion to Intervene and Strike" [Dkts. 15-16] and "Supplement to Motion to Intervene and Strike" [Dkt. 19] Filed by Marc J. Randazza**<br><br>*The Honorable Michael R. Wilner* |

## I. INTRODUCTION

As this Court noted in its Minute Order dated September 8, 2020 [Dkt. 18], Marc J. Randazza's September 3, 2020 motion to intervene and strike [Dkts. 15-16] – filed after the Court had granted Petitioner's request to serve discovery pursuant to 28 U.S.C. section 1782 – failed to address "the propriety or merits of Mr. Snyder's subpoena requests." Even after this Minute Order, when Mr. Randazza supplemented his filing later that day [Dkt. 19], he still failed to address the merits of the section 1782 filing. Rather, he has taken exception with the fact that the Petitioner's Supplemental section 1782 filing annexed and referred to documents *already in the public record,* before launching a hyperbolic attack on Petitioner Daniel Snyder ("Petitioner" or "Mr. Snyder") and his counsel that is devoid of legal merit and evidences an alarming lack of decorum and professionalism. Looking beyond Mr. Randazza's grandiose statements, there is little of substance in his motion, and no attempt whatsoever to explain how he purportedly satisfies the legal standard for his request to intervene.

This is a straightforward action by Petitioner which (successfully) sought permission from this Court to serve subpoenas, pursuant to 28 U.S.C. § 1782, in aid of a foreign litigation currently pending in The High Court of Delhi at New Delhi (the "Indian Action"),[1] *on Respondent New Content Media, Inc*. ("Respondent" or "New Content") – ***not*** on Mr. Randazza. Those subpoenas (which the Court has already authorized Petitioner to serve, Dkts. 14, 17, and which have been served) seek documents and information about *New Content's* business dealings with Honey House XXX, LLC d/b/a HoneyHouse PR ("HoneyHouse"), its principal, Mr. Ari Bass a/k/a and/or p/k/a Michael Whiteacre ("Mr. Bass"), and Mr. Randazza – who based on the public records filed in support of that petition, has a publicly documented history linking him to Mr. Bass and in turn to HoneyHouse. [Dkt. 13].

---

1 The Indian Action was filed on August 7, 2020 and bears the caption *Daniel Snyder Through His SPA Holder vs. Eleven Internet Services LLP & Ors.*

- 2 -

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Mr. Randazza's motion does not even mention, let alone discuss, the contents of the subpoenas or the requests therein, and it is apparent that his request to intervene has nothing to do with the limited discovery issues before this Court. Rather, it appears that Mr. Randazza wants to use the Court as a platform to attack Petitioner and his counsel and to profess his disagreement with statements that were previously made by third parties, and continue to exist unchallenged in *public records* independent of this action, simply because he does not like their implications. However, as these grievances have no bearing on the section 1782 petition at issue here, Mr. Randazza's motion should be denied.

## II. MR. RANDAZZA HAS NOT SATISFIED THE LEGAL REQUIREMENTS FOR HIS REQUEST TO INTERVENE

Though not entirely clear from the motion, it appears that Mr. Randazza is seeking mandatory intervention, or in the alternative permissive intervention. [Dkt. 16, pp. 10-11.] Mr. Randazza has not satisfied either standard, and his motion should be denied.

Under Federal Rule of Civil Procedure 24(a), a court must grant an applicant's request for intervention in an action if: (1) the applicant's motion is timely; (2) the applicant "claims an interest relating to the property or transaction which is the subject of the underlying action;" (3) the applicant "is so situated that the disposing of the action may as a practical matter impair or impede [its] ability to protect that interest;" and (4) the applicant's interest is not adequately represented by the existing parties to the action. *See* Fed. R. Civ. P. 24(a); *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011). The applicant's interest in the action must be "significantly protectable," meaning it "is protected under some law, and . . . there is a 'relationship' between [the applicant's] legally protected interest and the plaintiff's claims." *United States v. City of Los Angeles*, 288 F.3d 391, 398 (9th Cir. 2002).

Moreover, pursuant to Federal Rule of Civil Procedure 24(b), a district court may permit any party to intervene if it has: (1) established an independent grounds for

jurisdiction; (2) filed a timely motion; and (3) demonstrated that its claim or defense and the main action have a question of law or fact in common. *See* Fed. R. Civ. P. 24(b); *City of Los Angeles*, 288 F.3d at 403. "A motion for permissive intervention pursuant to Rule 24(b) is directed to the sound discretion of the district court." *San Jose Mercury News, Inc. v. U.S. Dist. Court—N. Dist. (San Jose)*, 187 F.3d 1096, 1100 (9th Cir. 1999) (citations omitted). "[I]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

As the Court pointed out [Dkt 18], noticeably absent from the Mr. Randazza's motion is *any* discussion of the subject matter of this action: Petitioners' request for the Court's assistance in obtaining from New Content documents and testimony relevant to the Indian Action. Undoubtedly recognizing that he lacks the standing to assert an objection on behalf of New Content, Mr. Randazza does not even attempt to offer any legal argument to counter Petitioner's showing under § 1782 and *Advanced Micro Devices, Inc. v. Intel Corp.*, 292 F.3d 664, 669 (9th Cir. 2002), *aff'd*, 542 U.S. 241 (2004), *see* Dkt. 1, pp. 8:9-12:2; Dkt. 13, 5:4-5:15 – which this Court already has found satisfies the requisite standard – nor does he state any objection to or concern about the substantive document requests and deposition topics identified in the subpoenas at issue.

Instead, Mr. Randazza seeks "to intervene in this matter for the purpose of correcting several severe misrepresentations" and to "protect[] his reputation that has been smeared". [Dkt. 16, pp. 10:12-10:15.] Thus, Mr. Randazza readily admits that he is not concerned about the specific document requests or deposition topics related to him.[2] Mr. Randazza insists that because *he says* he has a very limited relationship with

---

2 The subpoenas seek:
- The following documents from Respondent related to Mr. Randazza [*see* Dkt. 13-9, pp. 13]:
  - All Documents and Communications concerning Mr. Randazza. (from January 1, 2020 to the present)
  - All Documents and Communications between MEAWW and Mr. Randazza concerning Petitioner, the Washington Football Team, including any of its current or past owners, and/or the July 16, 2020 Articles. (from January 1, 2020 to the present)

- 4 -

*Mr. Bass*, and none with Respondent or MEAWW, the exhibits attached to the Supplemental Petition – which independently existed in the public record prior to the instant proceeding, and continue to do so – should be disregarded. These self-serving assertions, even if true, are plainly irrelevant because the truth or falsity of court filings in another case are not at issue here, and the likelihood that documents responsive to Petitioner's requests ultimately exist is not a factor relevant to the Court's analysis of whether the subpoenas satisfy the requirements of Section 1782. *See Intel*, 542 U.S. at 264-65; *Akebia Therapeutics, Inc. v. FibroGen, Inc.*, 793 F.3d 1108, 1112 (9th Cir. 2015); 28 U.S.C. § 1782(a); *London v. Does 1-4*, 279 F. App'x 513, 515 (9th Cir. 2008). Moreover, it would defeat the very purpose of Section 1782 if Mr. Randazza's assertion that he has had no contact with either Respondent or MEAWW was sufficient to deny a 1782 petition or avoid discovery. [Dkt. 16-1, ¶ 23.]

In addition to being unrelated to the discovery requests before this Court, Mr. Randazza's desire to intervene to purportedly correct misstatements and save his "smeared" reputation is misleading. The purported misrepresentations are not statements made by Petitioner, they are third-party statements and allegations contained in documents attached to the Supplemental Petition that are publicly available and have been publicly available <u>for years</u>. *See* Dkt. 13-6, Exh. Q (filed in Nevada in 2015); Dkt. 13-7, Exh. R (filed in Nevada in 2013); Dkt. 13-8, Exh. S (posted online in 2014). Despite taking issue with Petitioner's reference to those documents in his Supplemental Petition, Mr. Randazza has not taken any steps to remove or correct these purportedly false statements from original court records in which they were filed, and his self-serving declaration, attaching articles that *he authored* labeling the declarants

---

- Testimony from Respondent on the following topics related to Mr. Randazza [*see* 13-10, pp. 8]:
  - New Content's and/or MEAWW's relationship or business dealings with Mr. Randazza.
  - Any articles or content on MEAWW for which HoneyHouse PR, Mr. Bass and/or Mr. Randazza provided information, sources and/or payment, including but not limited to the July 16, 2020 Articles.

- 5 -

extortionists, is not evidence that these publicly filed statements are false.[3] Qureshi Decl., ¶5. The alleged statements that Mr. Randazza claims are "smearing" his reputation exist independently of the Supplemental Petition, and have existed and been public for years.

Simply put, Mr. Randazza's grievances do not relate to the limited subject of this action – Petitioner's request to serve limited subpoenas on New Content, not Mr. Randazza – and his disagreement with statements in the public record is not a protectable interest that the discovery requested in the Supplemental Petition would impede, nor is it a "claim or defense" that shares common questions of law or fact with the limited discovery issues before this Court. Mr. Randazza has not satisfied his burden to show intervention is required, or that it should be permitted. Accordingly, his motion should be denied. *See* Fed. R. Civ. P. 24(a); *Wilderness Soc.*, 630 F.3d at 1177; *City of Los Angeles*, 288 F.3d at 398; Fed. R. Civ. P. 24(b); *see c.f., California Parents for Equalization of Educ. Materials v. Torlakson,* No. 17-CV-00635-CRB (JSC), 2018 U.S.

---

3 The motion claims that Mr. Randazza's self-serving declaration containing his opinion of Ms. Mayer and Ms. Cox, and attaching articles that *he authored* about them and related to their allegations about him, constitute undisputed facts and demonstrate that Petitioner's inclusion of their court filings is "outrageous" and that Ms. Cox is "a known extortionist." [Dkt. 16, pp. 5:3-8:10; Dkt. 16-1, ¶¶ 17-22, Exhs. A-C at pp. 8-38]. Certainly, Ms. Mayer's and Ms. Cox's allegations stated in records they submitted to a court are entitled to the same weight as Mr. Randazza's colorful statements about them and their purported intentions.

Furthermore, the other court filings Mr. Randazza includes with his Motion say nothing about his relationship or business dealings with Mr. Bass, HoneyHouse or Respondent and in no way contradict what Petitioner attached to his Supplemental Petition.
- Exh. 1 [Dkt. 16-4] is a preliminary injunction order related to domain names Ms. Cox registered. The court found that Mr. Randazza was likely to prevail on his claim that Ms. Cox registered domain names with an intent to profit in violation of the Anti-Cybersquatting Consumer Protection Act. [*see id.*, pp. 5:3-8:2].
- Exh. 2 [Dkt. 16-5] is a default judgment order in a bankruptcy case where Mr. Randazza was the Debtor. That order states only that a default was entered against Ms. Cox and a motion for judgment by default was subsequent filed and granted.
- Exh. 3 [Dkt. 16-6] is a notice of entry of judgement <u>*as to defamation damages*</u> for **<u>Mrs.</u>** Randazza, not Mr. Randazza.

Mr. Randazza also attaches these documents to his motion without any factual support or explanation of what they are and where they come from. The self-serving declaration from Mr. Bass (discussing how he and Mr. Randazza "mocked" the Supplemental Petition, Dkt. 16-3, ¶ 6) and the declaration from Mr. Randazza's partner – Mr. Ronald Green – consisting of hearsay and unsupported conclusions about Petitioner's intentions here, similarly add nothing and fail to address the discovery before this Court.

- 6 -

Dist. LEXIS 139197, 2018 WL 3930141, at *6 (N.D. Cal. Aug. 16, 2018) (granting non-party's motion to intervene to protect confidentiality interest in documents designated pursuant to protective order).

Worse yet, despite the Court's warning to Mr. Randazza that his motion "did not address the propriety or merits of Mr. Snyder's subpoena requests" [Dkt. 18], his Supplement [Dkt. 19] disregards this Court's order and is again devoid of any discussion about the subpoenas or the Section 1782 standard. The Supplement, like the motion, merely furthers Mr. Randazza's self-serving narrative. Relying on an nbcsports.com article and the court-filed statements of the respondents in a separate Section 1782 petition that Mr. Snyder filed in the Eastern District of Virginia (the "Virginia Proceeding"), Mr. Randazza declares that Petitioner purportedly "had ulterior motives in seeking discovery" in the Virginia Proceeding and his counsel was thus on notice and knowingly violated their duty of candor to this Court.[4] [Dkt. 19, pp. 2:2-2:17.]

Mr. Randazza, however, omits from his submission the important – and dispositive – fact that, after considering the Virginia Proceeding respondents' submissions and hearing oral argument, the Virginia Court **granted the petition days before the Supplement was filed**. *See* Qureshi Decl., ¶ 3, Exh. V (September 4, 2020 Order Granting Petition); Exh. W (Reporter's Transcript of Proceeding *Granting* Mr. Snyder's Petition). Relevant here, the Virginia Court found: (1) "that the allegations in the Indian publication . . . are certainly defamatory and serious and scandalous" (pp. 24:23-24:25); (2) the allegations about Ms. Blair (respondent in the Virginia Action) "give cause for question as to whether or not she was the source for the Indian publication" and Comstock Holdings' (also a respondent in the Virginia Proceeding)

---

[4] It is worth noting that in making this statement, which relies on an online article and court filings, Mr. Randazza does the very thing he accuses Mr. Snyder and his counsel of doing. In addition, Mr. Randazza points to numerous court records and news articles in his motion. [Dkt. 16, pp. 3:5-5:14. Exhs. A-D, 1-4; Dkt. 19, pp. 1:18-2:10, Exhs. 1-4.] Mr. Randazza thus appears to believe that only the court filings that he agrees with can be relied on, and those that he disagrees with are false and defamatory.

- 7 -

ownership and management of the luxury apartment in which she lives, "deepens that suspicion" (pp. 25:1-25:10); and (3) the "discovery requests" were not a fishing expedition, and were warranted, justified and relevant to the Indian Action (pp. 25:17-26:10).

Thus, contrary to Mr. Randazza's representations, the Virginia Court found the petition therein and the basis offered for that petition valid, appropriate and relevant. *Id.* Indeed, Mr. Randazza seeks to have it both ways – arguing that Petitioner should not be entitled to cite to public filings about him, while asking this Court to look at public filings by others concerning Respondent. However, as noted, the Virginia Court considered, and rejected, the very premise of the filings upon which Mr. Randazza seeks to rely here.

In short, by focusing more on his personal vendetta against Ms. Cox and Ms. Mayer, and his desire to attack Mr. Snyder and his counsel, rather than any concern with the discovery sought in this action, Mr. Randazza altogether fails to address the issues before this Court. Accordingly, the motion should be denied in its entirety.

## III. MR. RANDAZZA'S BASELESS ATTACK OF PETITIONER'S COUNSEL IS GROUNDED IN MISREPRESENTATIONS

Mr. Randazza's assertion that Mr. Snyder's petition violates the duty of candor to this Court is a serious accusation that is devoid of merit.[5] First, curiously absent from Mr. Randazza's motion (and supplement) is any acknowledgement of this Court's Orders granting Petitioner's Petition and Supplemental Petition and authorizing service of the subpoenas attached thereto prior to the time he filed. [Dkts. 14, 17.] Indeed, those Orders reflect this Court's determination that the discovery requested by Petitioner was proper and appropriate under 28 U.S.C. § 1782 and *Intel Corp.*, 292 F.3d 664. Mr. Randazza's self-serving assertion that the Supplemental Petition was filed for some nefarious purpose – made by him after this Court authorized the discovery, and

---

[5] This is especially evident in light of Mr. Randazza's failure to include in his September 8 Supplement [Dkt. 19] the Virginia Court's September 4, 2020 Order granting the Virginia Petition.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

supplemented after the Virginia Court had authorized the discovery requested therein, a fact which he conveniently failed to mention – cannot be squared with this Court's Order granting the very petition with which Mr. Randazza takes issue. [Dkt. 14.]

Second, Mr. Randazza misrepresents the contents of the Supplemental Petition in order to repeatedly claim (incorrectly) that it contains false statements about Mr. Randazza. The Petition does not offer any opinion about the truth of the statements Ms. Mayer or Ms. Cox made about Mr. Randazza. Rather, the Supplemental Petition attaches *public* records and points to statements and allegations therein that identify potential ties between Mr. Randazza and Mr. Bass in order to explain to the Court the need for discovery from Respondent about its business dealings with Mr. Randazza (and Mr. Bass). [Dkt. 13, pp. 3:23-4:19; Dkt.13-1, ¶¶ 9-10.] And in fact, Mr. Randazza and Mr. Bass *admit* to having met and socialized previously, which interactions they characterize as limited and inconsequential. [Dkts. 16-1, ¶¶ 8-14; 16-3, ¶¶ 2-6, 10.] If, as Mr. Randazza claims, such relationship is inconsequential, then New Content's subpoena responses and deposition testimony will confirm that. However, in light of the available information to the contrary, Petitioner has a good faith and valid basis for seeking such discovery at this time.

In sum, Mr. Randazza's serious accusations are unsupported, and they are an inappropriate waste of Court resources that should not be tolerated.[6]

///
///

---

[6] The Court should also be aware that Mr. Randazza has taken to social media to perpetuate his self-serving narrative and baseless accusations, calling Petitioner's counsel "scumbags" and threatening that he "will not take it [*i.e.* the Supplemental Petition] lying down". *See* Qureshi Decl., ¶ 4, Exh. X.

## IV. CONCLUSION

For the reasons set forth herein, Petitioner respectfully requests that the Court deny Mr. Randazza's motion in its entirety.

Dated: September 14, 2020          REED SMITH LLP

                                             By: */s/ Rizwan A. Qureshi*
                                             Carla Wirtschafter
                                             Jordan W. Siev
                                             Rizwan A. Qureshi

                                             *Attorneys for Petitioner*
                                             *Daniel Snyder*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- 10 -
Petitioner Daniel Snyder's Response to "Emergency Motion to Intervene and Strike" [Dkts. 15-16] and "Supplement to Motion to Intervene and Strike" [Dkt. 19] Filed by Marc J. Randazza