Alex J. Shepard, CA Bar No. 295058
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117
Telephone: 702-420-2001
ecf@randazza.com

Attorneys for Intervenor
Marc J. Randazza

# IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

*In re:*

Application of Daniel Snyder for an
Order Directing Discovery from
New Content Media Inc. d/b/a MEA
WorldWide Pursuant to 28 U.S.C. § 1782

Misc. Action No.
2:20-mc-00076-MWF-MRW

**REPLY IN SUPPORT OF
MOTION TO INTERVENE
AND STRIKE**

*The Honorable Michael R. Wilner*

Marc Randazza's motion to intervene and to strike (Dkt. No. 15) satisfies the requirements of Fed. R. Civ. P. 24 and 12(f) and should be allowed. Nothing in Petitioner Snyder's response (Dkt. No. 20) suggests otherwise.

**1.0    Intervention is Proper**

Mr. Randazza's motion satisfies Rule 24(a). First, Mr. Randazza's motion is timely; Mr. Snyder does not appear to dispute this. Although Mr. Snyder raises the fact that the motion was filed after the Court allowed the Supplemental *Ex Parte* Application (Dkt. No. 14), that does not make it untimely.

Moreover, and related to the third factor, Mr. Randazza's interest differs from that of the entity subpoenaed and the defamation defendant. Mr. Randazza's motion

1  remains timely because he is seeking to strike impertinent and scandalous matter, an

2  issue that remains ripe separate from the issue of whether the subpoena might issue.[1]

3  The defendants in the Indian action, Eleven Internet Services, LLP, Meaww.com,

4  Nirnay Chowdhary, Anay Chowdhary, Prarthna Sakar, Jyotsna Basotia, and Ashok

5  Kumar, or the Respondent, New Content Media, Inc. d/b/a MEA WorldWide, might

6  yet move to quash any subpoena resulting from Mr. Snyder's applications.   But,

7  although they may share an interest with Mr. Randazza in this litigation, they do not

8  adequately represent his interests in striking the unsupported, improper matter specific

9  to him.

10  Mr. Snyder highlights Mr. Randazza's lack of adequate representation by the

11  Indian defendants or the Respondent at the bottom of p. 4 of his response.  Mr.

12  Randazza is not concerned about specific deposition topics or document requests

13  sought of Respondent or the satisfaction of Section 1782. So long as Mr. Snyder has

14  an adequate basis, it is not for Mr. Randazza to move to quash the subpoena.  But,

15  those who would quash the subpoena, one not apt to otherwise result in any meaningful

16  discovery, have no interest in Mr. Randazza's reputation or the smears made by Mr.

17  Snyder or the violations of Cal. R. Prof. Conduct 3.3(d),  which, had it been adhered to,

18  we likely would have no controversy at this point.

19  Similarly, permissive intervention under Rule 24(b) is otherwise proper.  This

20  court would have jurisdiction over a claim between Mr. Randazza and Mr. Snyder for

21  the statements made to this court.  The motion, as noted above, is timely.  And the

22

23

---

[1]   In any event, Rule 12(f) typically affords 21 days after service.  Mr. Randazza's motion was filed within one day of Mr. Snyder's supplemental filing.

1  questions of law and fact as between Mr. Randazza and Mr. Snyder are in common with

2  the Indian defendants and Respondent; if they were not, Mr. Snyder would not have

3  seen fit to make the assertions at issue that are the subjection of Mr. Randazza's motion

4  to strike.  There will be no delay or prejudice in the adjudication of the original or

5  supplemental petition—the Court has, in fact, already done so, and the Indian

6  Defendants or Respondent might otherwise yet move to quash.  Therefore, Mr.

7  Randazza may intervene.

8  **2.0    The Supplemental Application Should be Stricken**

9         Mr. Snyder does not contest that the supplemental application is impertinent and

10  scandalous.  In fact, the response is utterly silent as to the violation of Rule 12(f)—there

11  is no mention of the rule or the terms "impertinent" or "scandalous" as applied to the

12  allegations in Mr. Snyder's supplemental application.  Without opposition, the motion

13  should be allowed and the supplemental application stricken.

14         Instead of acknowledging that the allegations of Ms. Mayer and Ms. Cox were

15  unfounded and never proven in the courts in which they were filed, Mr. Snyder doubles

16  down and attempts to put the blame on Mr. Randazza for not "tak[ing] any steps to

17  remove or correct these purportedly false statements from original court records."

18  Reply at 5.  Mr. Randazza did not need to do that in the relevant proceedings – because

19  they were not *ex parte*.  Mr. Randazza was present in those proceedings to defend

20  himself – and he did.

21         However, Snyder and his attorneys ignore their central duty in an *ex parte*

22  proceeding: their obligation to provide all information to the court, not simply to

23  provide cherry picked information that fits their narrative.  They may wish this Court

to declare that Rule 3.3(d) of the Rules of Professional Conduct of the State Bar of California simply does not apply in this Court anymore, but they should just be honest and say it.

Had Snyder's Petition adhered to Rule 3.3(d), Mr. Randazza would not have needed to bring his motion. But, it did not, and thus the falsehoods that the Petition perpetrated were unnecessary, unanswered, and unethical. Mr. Randazza had no other remedy but to intervene and invoke Fed. R. Civ. P. 12(f).

Mr. Snyder ignores the facts before him—Ms. Mayers and Ms. Cox lost. Mr. Snyder and his counsel failed to disclose that the allegations made by these litigants came from the losing side and lacked reliability. They are, by that judicial fact, *not* "entitled to the same weight" as those statements of the prevailing side in those matters. *Contrast* Reply at 6 n. 3. It was Mr. Snyder's counsel's duty under Cal. R. Prof. Conduct 3.3(d), in an *ex parte* proceeding, to disclose *all* material facts known to them. In filing *ex parte*, they "assume[d] an obligation of utmost candor in informing the court of the facts justifying … relief." *UBS Fin. Servs. v. Hergert*, No. C13-1825RAJ, 2013 U.S. Dist. LEXIS 155753, at *2 (W.D. Wash. Oct. 25, 2013) (sanctioning plaintiff who pursued an *ex parte* temporary restraining order while making material omissions and misrepresentations). Certainly, the attorneys at Reed Smith, in reviewing the Mayers and Cox litigation (along with their investigative team) to find these needles in the haystacks of hundreds of documents, must have done their due diligence and come across the ultimate outcomes of those cases.[2] Not only did they undoubtedly come

---

[2]    Mr. Snyder attempts to turn the tables and chide Mr. Randazza for not informing the Court of an order in the Virginia Proceeding. However, the substance of the ruling

across the outcomes, they cast aside all indicia that would have apprised any reasonable person these accusations were unreliable and unworthy of any weight. Instead, they have presented them as incontrovertible facts. Had these statements been made in any forum but a legal pleading, Snyder and his counsel would be liable for defamation. With the hamstrings of the litigation privilege, Randazza is left with asking for this Court for relief under Rule 12(f) and asking this Court to make a clear statement that Rule 3.3(d) applies in this Court

Snyder and his counsel revealed nothing except a bitter conspiracy theory that would make John Nash blush. They hoped that they wouldn't get caught. They got caught. Snyder and his counsel wish this Court to excuse this conduct and to bless a violation of the rules of professional conduct. Mr. Randazza would not like to see that happen. Mr. Randazza would prefer that the Court make a clear statement that Rule 3.3(d) actually *does matter* – even when a powerful billionaire is represented by a big law firm.

**3.0   Conclusion**

Mr. Snyder's response identified the factors governing intervention, but failed to overcome Mr. Randazza's right to intervene or otherwise show that permissive intervention should not be allowed. And, he failed to argue that the material from p. 4,

---

only appears in the transcript, which is not on the public docket. Mr. Randazza had no ball to hide, let alone the type of duty that Rule 3.3(d) requires of counsel filing pleadings *ex parte*. Moreover, the Virginia court similarly would not seem to have had the benefit of Mr. Randazza's own motion to intervene to properly view the cross-country actions of Mr. Snyder. And, it must be noted, that a virtually identical motion to intervene and strike in that matter by a non-party similarly remains pending in that proceeding despite the issuance of the discovery order.

line 23, to p. 5, line 19, and other references to Mr. Randazza should not be stricken pursuant to Rule 12(f) as immaterial, impertinent, or scandalous matter.  Mr. Snyder's counsel failed to abide their duty of candor and do not offer any excuse, except to say they are merely repeating the unproven allegations of third parties who have been found unreliable.

Mr. Randazza's justifiable outrage may be "zesty," but he has the legal and moral right to intervene and have the offensive, impertinent, and scandalous statements stricken.  Further, Snyder's counsel should be sanctioned.  However, Mr. Randazza reiterates his request that none of the sanction be paid to him – but be paid to the California Bar's Lawyers Assistance Program.

Dated: September 15, 2020.        Respectfully submitted,

RANDAZZA LEGAL GROUP, PLLC

/s/ Alex J. Shepard
Alex J. Shepard, CA Bar No. 295058
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117

Attorneys for Intervenor
Marc J. Randazza

Case No. 2:20-mc-00076-MWF-MRW

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 15, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I further certify that a true and correct copy of the foregoing document is being served via transmission of Notice of Electronic Filing generated by CM/ECF.

Respectfully submitted,

/s/ Alex J. Shepard
Alex J. Shepard