# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | Misc. 20-76 MWF (MRWx) | Date | September 17, 2020 |
| Title | In re Snyder Application | | |

| | | |
|---|---|---|
| Present: | Hon. Michael R. Wilner, U.S. Magistrate Judge | |
| | Veronica Piper | n/a |
| | Deputy Clerk | Court Reporter / Recorder |
| | Attorneys for Petitioner: | Attorneys for Respondent: |
| | n/a | n/a |

**Proceedings:**   ORDER RE: INTERVENTION

   1.   This is an action involving the issuance of deposition and document subpoenas pursuant to 28 U.S.C. § 1782. Petitioner Daniel Snyder filed two ex parte applications requesting subpoenas for use in a pending libel lawsuit in India. (The Court is also aware that Petitioner recently obtained similar subpoenas in an action in the Eastern District of Virginia.)

   2.   Marc Randazza wishes to intervene in the present action. (Docket # 15.) He takes considerable issue with the second of Mr. Snyder's applications. (Docket # 13.) That request seeks testimony and materials from New Content Media. (Docket # 13-9, 13-10.) Mr. Randazza contends that the second application "contains numerous false statements" about him. On that basis, Mr. Randazza wishes to intervene in the Section 1782 action, strike the application (in whole, or the parts that refer to him), and financially sanction Mr. Snyder's lawyers for submitting allegedly "immaterial, impertinent, and scandalous statements" about Mr. Randazza in this district court. (Docket # 16 at 13-14.)

   3.   However, Mr. Randazza specifically notes that he "is not concerned about specific deposition topics or document requests sought of [New Content Media] or the satisfaction of Section 1782." He also acknowledges that "it is not for Mr. Randazza to move to quash the subpoena" seeking that information for use in the Indian action. (Docket # 21 at 2.) Rather, Mr. Randazza's stated interest is to "defend himself from Mr. Snyder's baseless allegations" presented in this Court in support of the discovery requests themselves.[1] (Docket # 16 at 11.)

---

   [1]   After reviewing the parties' submissions (Docket # 15-21), the Court concludes that can rule on the intervention application without oral argument pursuant to Local Rule 7-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | Misc. 20-76 MWF (MRWx) | Date | September 17, 2020 |
|---|---|---|---|
| Title | In re Snyder Application | | |

\* \* \*

4. Federal Rule of Civil Procedure 24 provides two methods by which a party may intervene in a civil action. Intervention may be mandatory (Rule 24(a)) or permissive (Rule 24(b)).

5. A party applying for mandatory intervention "must establish four elements: (1) that the prospective intervenor's motion is timely; (2) that the would-be intervenor has a significantly protectable interest relating to the subject of the action; (3) that the intervenor is so situated that the disposition of the action may as a practical matter impair or impede [the intervenor's] ability to protect that interest; and (4) that such interest is inadequately represented by the parties to the action." Smith v. LAUSD, 830 F.3d 843, 853 (9th Cir. 2016) (quotations and ellipsis omitted).

6. A party is eligible for permissive intervention under Rule 24(b) by meeting three "threshold requirements": "(1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims." Trump for President, Inc. v. Bullock, 2020 WL 551769 at *2, (D. Mont. Sept. 14, 2020) (citing Donnelly v. Glickman, 159 F.3d 405, 412 (9th Cir. 1998). A district court retains discretion to deny permissive intervention even if a party meets these elements. Appropriate factors for the district court to consider in exercising this discretion include "the nature and extent of the intervenor's interest" and whether a party's participation in the action "is likely to delay proceedings." Los Angeles SMSA L.P. v. City of Los Angeles, 817 F. App'x 350, 352 (9th Cir. 2020) (quotation omitted).

7. The requirements for mandatory or permissive intervention are ordinarily to be "broadly interpreted in favor of intervention." United States v. Alisal Water Corp., 370 F.3d 915, 919 (9th Cir. 2004). However, a motion to intervene in an action under Section 1782 before the issuance of subpoenas may be deemed premature. Compare In re de Leon, 2020 WL 1820683 (N.D. Cal. April 10, 2020) (denying intervention motion) with de Leon v. The Clorox Co., 2020 WL 4584204 (N.D. Cal. Aug. 10, 2020) (granting unopposed permissive intervention motion later in action to allow party to challenge (unsuccessfully) subpoenas issued under Section 1782).

\* \* \*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | Misc. 20-76 MWF (MRWx) | Date | September 17, 2020 |
|---|---|---|---|
| Title | In re Snyder Application | | |

8. The Court concludes that Mr. Randazza has not persuasively met the criteria for intervention under either provision of Rule 24. A straight reading of the second Snyder petition (excluding, for the moment, the sensational bits about which Mr. Randazza complains), the proposed subpoenas, and the Randazza briefing makes clear that Mr. Randazza has no interest in intervening for the purpose of litigating the propriety of the Section 1782 discovery. What he wants to litigate is the <u>manner</u> by which Mr. Snyder applied for those subpoenas.

9. Mr. Randazza's objections to Mr. Snyder's assertions in support of the application (truthful or not) do not, on their own, demonstrate that he has a right to intervene or influence the outcome of the case. He has not identified "a significantly protectable interest relating to the subject" of the petition that warrants mandatory intervention. <u>Smith</u>, 830 F.3d at 853. His "emergency" motion cited no authority for the proposition that he has a "protectible interest in ensuring that the court system isn't being abused" or in "safeguarding his personal and professional reputation." (Docket # 16 at 10-11.) Further, the Randazza claims about the Snyder allegations share no "common question of law or fact" with the adequacy of the request for discovery for use in a foreign action. <u>Donnelly</u>, 159 F.3d at 412. To the extent that Mr. Randazza may have standing to challenge the scope of the subpoenas to be issued to the responding party, his claim is not yet ripe. The request for permissive intervention is therefore premature. <u>In re de Leon</u>, 2020 WL 1820683.

10. Even if Mr. Randazza met the criteria for permissive intervention, the Court exercises its discretion to deny the request. His filings regarding the Snyder submissions make clear that Mr. Randazza wants to litigate the substance of factual assertions unrelated to either the India libel action or the pending request for local discovery. That is, Mr. Randazza wants this Court to conclude whether or not those ancillary assertions are actually true or not. Such a proceeding would surely delay matters (think discovery, motion practice, and some sort of trial regarding those statements, merely to evaluate the issuance of subpoenas), a concern amplified by this Court's limited operations due to coronavirus. <u>Los Angeles SMSA</u>, 817 F. App'x at 352.

\* \* \*

11. Mr. Randazza may have a legitimate gripe about some of the statements and items that Mr. Snyder submitted with the subpoena petition. But that gripe is of limited import given the overall merit of the petition requesting discovery.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | Misc. 20-76 MWF (MRWx) | Date | September 17, 2020 |
|---|---|---|---|
| Title | In re Snyder Application | | |

      12.    Mr. Snyder easily meets the statutory requirements under Section 1782. Mr. Snyder is a litigant (that is, an "interested person") in a pending civil case in India. The responding party is a corporate resident of the Central District of California. And, on their faces, the requested subpoenas appear to seek material from New Content Media for use in the Indian action. Khrapunov v. Prosyankin, 931 F.3d 922, 925 (9th Cir. 2019). The additional factors under Intel Corp. v. AMD, Inc., 542 U.S. 241 (2004), that this Court must evaluate in reviewing an application suggest that the discovery is not burdensome, prohibited from use in India, or represent an attempt to circumvent Indian law. The Randazza allegations don't come close to affecting this analysis.

      13.    At bottom, the intervention issue is tangential to this Court's obligation to evaluate the subpoena requests under the statute. Mr. Randazza's request to intervene in this action is denied without prejudice. The second request for subpoenas under Section 1782 will be granted under separate cover. Mr. Randazza, New Content Media, and all others retain whatever ability they may have in due course to challenge the subpoenas or seek an appropriate protective order under Rule 26.