Carla M. Wirtschafter (SBN 292142)
Email:   cwirtschafter@reedsmith.com
REED SMITH LLP
1901 Avenue of the Stars, Suite 700
Los Angeles, CA  90067-6078
Telephone 310-734-55200
Fax 310-734-5299

Jordan W. Siev (*Pro hac vice*)
599 Lexington Avenue, 29th Floor
New York, NY 10022
Tel: (212) 521-5400
Fax: (212) 521-5450
jsiev@reedsmith.com

Rizwan A. Qureshi (*Pro hac vice*)
1301 K Street, N.W.
Suite 1000, East Tower
Washington, DC 20005-3317
Telephone: (202) 414-9200
Facsimile: (202) 414-9299
Email: rqureshi@reedsmith.com

*Attorneys for Petitioner*
  *Daniel Snyder*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Application of Daniel Snyder for an Order Directing Discovery from New Content Media Inc. d/b/a MEA WorldWide Pursuant to 28 U.S.C. § 1782 | Misc. Action No. 2:20-mc-00076<br><br>**Petitioner Daniel Snyder's Application for An Order to Show Cause For Contempt Against New Content Media, Inc. for Failing to Comply With Subpoenas for Documents**<br><br>*The Honorable Michael R. Wilner*<br><br>Hearing Date: October 28, 2020<br>Time: 9:30 a.m.<br>Location: Courtroom 550 |

**Table of Contents**

| | Page |
|---|---|
| I. INTRODUCTION | 1 |
| II. LEGAL STANDARD FOR FINDING CIVIL CONTEMPT | 2 |
| III. NEW CONTENT MEDIA FAILED TO COMPLY WITH TWO PROPERLY SERVED SUBPOENAS FOR DOCUMENTS | 3 |
| IV. NEW CONTENT SHOULD BE ORDERED TO PRODUCE RESPONSIVE DOCUMENTS AND TO PAY PETITIONER'S REASONABLE ATTORNEYS' FEES | 4 |
| V. CONCLUSION | 5 |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Petitioner Daniel Snyder's Application for An Order to Show Cause For Contempt Against New Content Media, Inc. for Failing to Comply With Subpoenas for Documents

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bademyan v. Receivable Management Services Corp.*,
  No. CV 08–00519 MMM, 2009 WL 605789 (C.D. Cal., Mar. 9, 2009) .................. 5

*Donovan v. Mazzola*,
  716 F.2d 1226 (9th Cir. 1983) ........................................................................... 3

*Falstaff Brewing Corp. v. Miller Brewing Co.*,
  702 F.2d 770 (9th Cir. 1983) ......................................................................... 3, 5

*FTC v. Affordable Media, LLC*,
  179 F.3d 1228 (9th Cir. 1999) ........................................................................... 3

*Gen. Signal Corp. v. Donallco, Inc.*,
  787 F.2d 1376 (9th Cir. 1986) ........................................................................... 4

*Gifford v. Heckler*,
  741 F.2d 263 (9th Cir. 1984) ............................................................................. 3

*Hook v. Arizona Dep't of Corr.*,
  107 F.3d 1397 (9th Cir. 1997), *as amended on reh'g and reh'g en banc* (Apr. 22, 1997) ............................................................................ 3

*Martinez v. City of Pittsburg*,
  No. C11-01017 SBA (LB), 2012 WL 699462, at *2 (N.D. Cal. Mar. 1, 2012) ................................................................................................................ 4

*Morgutia-Johnson v. City of Fresno*,
  No. 1:14-CV-00127-LJO, 2015 WL 1021123 (E.D. Cal. Mar. 9, 2015) .............. 3, 4

*Palmer v. Ellsworth*,
  No. 93-35406, 1993 WL 498010 (9th Cir. Dec. 1, 1993) ......................................... 4

*Reno Air Racing Ass'n, Inc. v. McCord*,
  452 F.3d 1126 (9th Cir. 2006) ........................................................................... 2

*Richmark Corp. v. Timber Falling Consultants*,
  959 F.2d 1468 (9th Cir. 1992) ........................................................................... 5

*Seaman v. Sedgwick, Detert, Moran & Arnold LLP*,
   No. SACV110664DOCRNBX, 2014 WL 12700978 (C.D. Cal. Oct.
   14, 2014) ................................................................................................... 4

*United States Sec. & Exh. Comm'n v. Hyatt*,
   621 F.3d 687 (7th Cir. 2010) ..................................................................... 4

*Wilstein v. Allstate Ins. Co.*,
   No. CV185195ODWGJSX, 2020 WL 2303074 (C.D. Cal. Feb. 11,
   2020) ......................................................................................................... 3

*Young v. U.S. ex rel. Vuitton et Fils S.A.*,
   481 U.S. 787 (1987). Civil ........................................................................ 2

**Rules**

Fed. R. Civ. Proc. 45(a)(1)(A)(i)-(iv) ............................................................... 4

Fed. R. Civ. Proc. 45(a)(1)(A)(iii) .................................................................... 3

Fed. R. Civ. Proc. 45(g) ................................................................................... 3

**TO THE HONORABLE COURT AND TO RESPONDENT NEW CONTENT MEDIA, INC.**

**PLEASE TAKE NOTICE** that on October 28, 2020 at 9:30 a.m. in Courtroom 550 of the above entitled Court, the Roybal Federal Building and United States Courthouse, located at 255 E. Temple St., Los Angeles, CA, 90012, Petitioner Daniel Snyder brings this Application for An Order to Show Cause And Order to Comply or Be Held in Contempt Against New Content Media, Inc. for Failing to Comply with Subpoenas for Documents duly served on September 3 and 9, 2020.

Pursuant to Rule 45(g) of the Federal Rules of Civil Procedure, Petitioner respectfully requests that the Court:

1) Issue an Order for New Content Media Inc. to show cause why it should not be held in contempt;

2) Order New Content Media Inc. to comply with the document subpoenas attached hereto as Exhibit 2 and 4, and to produce all documents in its possession, custody or control within 7 days of the Court's Order.

3) Award Petitioner his reasonable attorney's fees, in an amount to be determined and upon the submission of appropriate documentation for the Court's review, for fees incurred to bring this Application to compel New Content to comply with two proper and properly served subpoenas for the production of doucments.

Prompt relief is necessary because Petitioner has served deposition subpoenas on New Content for deposition on October 5, 2020, and the requested doucemnts are necessary for the depostion. Petitioner is serving a copy of this Application on New Content's agent for service of process and will deliver a copy to New Content's business address, 1601 Vine Street, 6th Floor, Los Angeles, California 90028. *See* Declaration of Rizwan Qureshi, ¶ 6.

///

///

This Motion is based on this notice and the memorandum of points and authorities herein, the Declaration of Rizwan Qureshi and exhibits thereto, and all other documents and the pleadings on file with the Court in this action.

Dated: September 28, 2020

REED SMITH LLP

By: /s/ Rizwan A. Qureshi
Carla Wirtschafter
Jordan W. Siev
Rizwan A. Qureshi
*Attorneys for Petitioner*
*Daniel Snyder*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Petitioner Daniel Snyder ("Petitioner") commenced this miscellaneous action on August 7, 2020 for Assistance in Aid of a Foreign Proceeding Pursuant to 28 U.S.C. § 1782 in order to request discovery from Respondent New Content Media, Inc. ("Respondent" or "New Content") in aid of litigation currently pending in The High Court of Delhi at New Delhi (the "Indian Court"), bearing the caption *Daniel Snyder Through His SPA Holder vs. Eleven Internet Services LLP & Ors.*, filed August 7, 2020 (the "Indian Action"). [Dkt. 1.] Following a conference with the Court on August 11, 2020, Petitioner submitted a supplemental declaration in support of his petition. [Dkt. 9.] Petitioner subsequently learned of additional relevant and responsive information that New Content might have its possession, custody and control, and on September 2, 2020, filed a supplemental petition with additional subpoenas containing document requests and deposition topics related to this new information. [Dkt. 13.]

On September 3, 2020, the Court issued an order granting the supplemental petition and authorizing Petitioner to serve the subpoena for documents and the deposition attached thereto as Exhibits U and T. [Dkt. 14.] On September 3, 2020, Petitioner caused copies of the subpoenas to be personally served on New Content's agent for service of process, Corporations Service Company Which Will Do Business In California As CSC - Lawyers Incorporating Service, whose business address is 251 Little Falls Drive, Wilmington, DE 19808. *See* Declaration of Rizwan Qureshi, ("Qureshi Decl."), ¶¶ 2, 4, Exh. 1, 4-5. The subpoena for the production of documents specified a document production date of September 25, 2020 at 10:00 am at the office of Reed Smith, LLP in Los Angeles, California. *See* Exh. 4.

On September 8, 2020, the Court issued an order granting the original petition and authorizing Petitioner to serve the subpoenas attached thereto as Exhibits A and B.

[Dkt. 23.]¹ On September 9, 2020, Petitioner caused copies of the subpoena for documents and the deposition subpoena attached to the petition as Exhibits A and B to be personally served on New Content's agent for service of process. *See* Qureshi Decl., Exhs. 2-3. The subpoena specified as the production date September 25, 2020 at 10:00 am at the office of Reed Smith, LLP in Los Angeles, California. *See* Exh. 2.

New Content did not produce documents on September 25, 2020, and as of the date of the filing of this Application, Petitioner has not received any objections to the subpoenas. *See* Qureshi Decl., ¶ 5. In addition, New Content has not brought a motion to quash or sought a protective order, and Petitioner has not received any correspondence from New Content nor from any counsel representing New Content. *Id*. Petitioner has also served deposition subpoenas for New Content's deposition on October 5, 2020. *See* Exhs. 3 and 5. As such, Petitioner respectfully requests the Court to grant this application and order New Content to comply or issue an order to show cause regarding civil contempt sanctions for New Content's failure to comply with properly service subpoenas for documents, to order New Content to immediately comply with the subpoenas and to award Petitioner his reasonable attorney's fees.²

## II.   LEGAL STANDARD FOR FINDING CIVIL CONTEMPT

"The ability to punish disobedience to judicial orders is regarded as essential to ensuring that the Judiciary has a means to vindicate its own authority without complete dependence on the other Branches." *Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 796 (1987). Civil contempt "consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006). The proper procedure for nonparty subpoena compliance is to issue an order to

---

1 The Court also issued an order on September 8, 2020, denying Marc J. Randazza's motion to intervene. Dkt. 22.

2 Petitioner also served deposition subpoenas for New Content's deposition to be held on October 6, 2020. *See* Exhibits 3 and 5. Petitioner has also not received any objections or correspondence regarding the deposition subpoenas. *See* Qureshi Decl., ¶ 5.

show cause. *See Morgutia-Johnson v. City of Fresno,* No. 1:14-CV-00127-LJO, 2015 WL 1021123, at *3 (E.D. Cal. Mar. 9, 2015); Fed. R. Civ. Proc. 45(g) ("the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.")

The purpose of civil contempt is to compel obedience with a court order, or to compensate the contemnor's adversary for the injuries resulting from the non-compliance. *See Falstaff Brewing Corp. v. Miller Brewing Co.,* 702 F.2d 770, 778 (9th Cir. 1983). To establish civil contempt, Petitioner must show by clear and convincing evidence that New Content violated a specific order of the court. *See FTC v. Affordable Media, LLC,* 179 F.3d 1228, 1239 (9th Cir. 1999). Because New Content failed to comply with two subpoenas, *see* Qureshi Decl., ¶¶ 3-5, the burden shifts to New Content to show that it took every possible step to comply and to articulate reasons why compliance was not possible. *See Donovan v. Mazzola,* 716 F.2d 1226, 1240 (9th Cir. 1983).

"'The district court 'has wide latitude in determining whether there has been contemptuous defiance of its order.'' *Hook v. Arizona Dep't of Corr.*, 107 F.3d 1397, 1403 (9th Cir. 1997), *as amended on reh'g and reh'g en banc* (Apr. 22, 1997) (quoting *Gifford v. Heckler*, 741 F.2d 263, 266 (9th Cir. 1984))." *See Wilstein v. Allstate Ins. Co.*, No. CV185195ODWGJSX, 2020 WL 2303074, at *3 (C.D. Cal. Feb. 11, 2020). New Content's total disregard for judicial process supports a finding of contempt here.

### III. NEW CONTENT MEDIA FAILED TO COMPLY WITH TWO PROPERLY SERVED SUBPOENAS FOR DOCUMENTS

A subpoena served pursuant to Federal Rule of Civil Procedure 45 shall "command each person to whom it is directed to attend and give testimony or to produce and permit inspection and copying of designated books, documents or tangible things in the possession, custody or control of that person." Fed. R. Civ. Proc. 45(a)(1)(A)(iii). Every document subpoena must state the court from which it issued, state the title of

- 3 -

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

the action and its civil-action number, specify the time and place set for the production, and set out the text of Rule 45(d) and (e). Fed. R. Civ. Proc. 45(a)(1)(A)(i)-(iv). Subpoenas issued by attorneys on behalf of the court are treated as orders of the Court. *Morgutia–Johnson v. City of Fresno,* No. 1:14–cv–00127–LJO–SKO, 2015 WL 1021123, at *2 (E.D.Cal. Mar. 9, 2015) (citing *United States Sec. & Exh. Comm'n v. Hyatt,* 621 F.3d 687, 693 (7th Cir. 2010)); *accord Martinez v. City of Pittsburg*, No. C11-01017 SBA (LB), 2012 WL 699462, at *2 (N.D. Cal. Mar. 1, 2012).

Petitioner's counsel issued proper document subpoenas, following this Court's Orders, and personally served those subpoenas on New Content's agent for service of process on September 3 and 9 respectively. *See* Qureshi Decl., ¶¶ 2-4, Exhs. 1-2, 4. The subpoenas specified a compliance date of September 25, 2020 at 10:00 a.m. *Id.* New Content has not produced any documents, has not served any objections, and has not filed any motion in this Court to challenge the subpoenas. Qureshi Decl., ¶ 5. *See Palmer v. Ellsworth*, No. 93-35406, 1993 WL 498010, at *5 (9th Cir. Dec. 1, 1993) ("Under Fed. R. Civ. P. 45(a), a party can obtain a subpoena for the production of documents and the deposition of a non-party. A person objecting to such a subpoena must do so in writing within fourteen days of service. Fed. R. Civ. P. 45(c)(2)(B).").

Rather than comply, New Content Media has opted to ignore the subpoenas entirely. As such, New Content has failed to comply with a specific and definite order of this Court and contempt sanctions are proper. *See Seaman v. Sedgwick, Detert, Moran & Arnold LLP*, No. SACV110664DOCRNBX, 2014 WL 12700978, at *2 (C.D. Cal. Oct. 14, 2014).

### IV. NEW CONTENT SHOULD BE ORDERED TO PRODUCE RESPONSIVE DOCUMENTS AND TO PAY PETITIONER'S REASONABLE ATTORNEYS' FEES

"Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both." *Gen. Signal Corp. v. Donallco, Inc.*, 787

F.2d 1376, 1380 (9th Cir. 1986). Accordingly, there are two types of civil contempt sanctions: coercive and compensatory. *See Falstaff Brewing Corp.*, 702 F.2d at 778. Coercive sanctions are "intended to coerce the contemnor to comply with the court's orders in the future." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1481 (9th Cir. 1992). Compensatory sanctions are intended "to compensate the contemnor's adversary for the injuries which result from the noncompliance." *Falstaff*, 702 F.2d at 778. "The Ninth Circuit has held that a court may sanction a contemnor by ordering that she pay a party's attorneys' fees and costs." *Bademyan v. Receivable Management Services Corp.,* No. CV 08–00519 MMM (Rzx), 2009 WL 605789, at *4 (C.D. Cal., Mar. 9, 2009).

Here, New Content's blatant disregard for two court orders and the judicial process warrants both sanctions. Petitioner personally served four valid and proper subpoenas, all authorized by this Court, and New Content has not made any effort whatsoever to comply. Moreover, in the Court's order denying a motion to intervene, the Court stated: "New Content Media, and all others retain whatever ability they may have in due course to challenge the subpoenas or seek an appropriate protective order under Rule 26."[3] [Dkt. 22, ¶ 13.] Accordingly, New Content had both ample time and notice of the subpoenas and its response obligations, but failed to take any action. New Content should be ordered to comply with the duly served subpoenas and to pay Petitioner's reasonable attorney's fees incurred to bring this Application in the amount to be determined following appropriate submissions to the Court.

## V.   CONCLUSION

For the reasons set forth herein, Petitioner respectfully requests that the Court grant this Application for an Order to Show Cause and Order New Content to Comply

---

[3] Non-party Marc J. Randazza, who was only tangentially mentioned in the Supplemental Petition, knew of its existence and contents and filed a motion to intervene – which was denied. [Dkts. 15-16, 19-21.] This matter has also received press coverage. Thus, in addition to being properly served, any argument that New Content did not know this action had been commenced to obtain discovery would be disingenuous.

or be held in contempt, to produce all documents in its possession, custody and control within 7 days of the Court's Order, and to pay Petitioner's reasonable attorney's fees in the amount to be determined.

Dated: September 28, 2020        REED SMITH LLP

By: *Rizwan A. Qureshi /wsq*
Carla Wirtschafter
Jordan W. Siev
Rizwan A. Qureshi

*Attorneys for Petitioner
Daniel Snyder*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- 6 -
Petitioner Daniel Snyder's Application for An Order to Show Cause For Contempt Against New Content Media, Inc. for Failing to Comply With Subpoenas for Documents