Squire Patton Boggs (US) LLP
Joseph A. Meckes (State Bar # 190279)
joseph.meckes@squirepb.com
Hong T Le (State Bar # 242335)
hong.le@squirepb.com
275 Battery Street, Suite 2600
San Francisco, California 94111
Telephone: +1 415 954 0200
Facsimile: +1 415 393 9887

Attorneys for Specially Appearing Respondent
NEW CONTENT MEDIA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Application of Daniel Snyder for an Order Directing Discovery from New Content Media Inc. d/b/a MEA WorldWide Pursuant to 28 U.S.C. § 1782 | Civil Action No. 2:20-mc-00076<br><br>**RESPONSE TO ORDER TO SHOW CAUSE** |

- 1 -
RESPONSE TO ORDER TO SHOW CAUSE

## I. INTRODUCTION

At the time this Court granted petitioner Daniel Snyder's ("Snyder") application to issues subpoenas pursuant to 28 U.S.C. §1782 ("Section 1782"), respondent New Content Media, Inc. ("NCMI") did not "reside in and was not found in" this judicial district. Because the respondent's presence within the Court's judicial district is a statutory prerequisite to issuance of a subpoena under Section 1782, any subpoenas authorized by the Court were void. Accordingly, because this Court had no basis to authorize the subpoenas, this matter should be dismissed.[1]

And even if there were a statutory basis for issuing the subpoena, Nirnay Chowdhary, one of NCMI's two shareholders and an officer of the company, has confirmed under oath that NCMI has no documents responsive to Snyder's subpoenas and no employees or representatives to provide testimony in this judicial district or the United States.

## II. DISCUSSION

### a. Because NCMI Did Not Reside In and Was Not Found in this District at the Time of the Petition, the Court Lacks Statutory Subject Matter Jurisdiction

A court's authority to issue a subpoena in aid of foreign litigation is limited by the first sentence of Section 1782(a) to those persons who "reside in or are found in" the court's judicial district. 28 U.S.C. §1782(a). Here, Snyder informed the Court that NCMI had its "principal place of business" in Los Angeles and that its

---

[1] The Court issued an Order to Show Cause on September 29, 2020. The Court ordered a written submission on October 2, 2020 (ECF 25), but later noted that "Petitioner's proof of service suggests that the business [i.e., the Los Angeles address] may not be in operation." ECF 27. NCMI engaged in the undersigned counsel on Friday, October 16, 2020. As shown in the Declaration of Joseph A. Meckes filed herewith, counsel has tried in the intervening two weeks to resolve this matter informally and to conserve the parties' and the Court's resources. Meckes Decl. Exs. A and C.

registered agent was a person named David Richard, "who upon information and belief lives in Los Angeles." Both of these assertions were incorrect.

In around May 2020 –before the publication of the allegedly defamatory articles that are the subject of the India litigation—NCMI ceased all active business operations. Chowdhary Decl. ¶4. Prior to that, NCMI engaged freelance writers and managed subscriptions for news content. *Id.* NCMI paid its last freelance writer in April 2020 and its last subscription expired in May 2020. *Id.* NCMI has never had any officers, employees or agents resident in the United States. *Id.* ¶8. Mr. Richards was never employed by NCMI in any capacity. *Id.* Snyder points to no evidence in its application supporting its false contention that Mr. Richards acted as a registered agent for NCMI – or even that he currently resides in this judicial district. *See* ECF 1 at 3 and ECF 1-1 and 1-6 (no mention of Richard in corporate documents).

More importantly, at the time of Snyder's Section 1782 application, NCMI had no presence and no business in this judicial district – and still does not. Until February 2020, NCMI rented small office at a WeWork location in Los Angeles, but then closed it. *Id.* at ¶6. It has not had an office or other physical presence in California or anywhere else in the United States since that time. *Id.*

Because NCMI was no longer an active company, it submitted a Certificate of Surrender to the California Secretary of State on July 26, 2020. Chowdhary Decl. ¶5. Presumably, because of the COVID pandemic, this application was not acted upon or "filed" until October 12, 2020. Declaration of Joseph A. Meckes Ex. D. NCMI is no longer registered to do business in California.

A threshold issue under Section 1782 is that "the person from whom discovery is sought must 'reside' or be 'found' in the district." *In re Godfrey,* 526 F. Supp. 2d 417, 418 (S.D.N.Y. 2007). If the respondent is a foreign corporation, the petitioner must show either that it is headquartered in the district or "that the corporation undertakes 'systematic and continuous local activities' in order for the corporation

to be found there for the purposes of section 1782." *In re Inversiones y Gasolinera Petroleos Valenzuela, S. de R.L.,* No. 08-20378-M, 2011 U.S. Dist. LEXIS 5201, at *21-22 (S.D. Fla. Jan. 19, 2011). In other words, the Court only has jurisdiction to order discovery in aid of foreign litigation if the subject of the petition is present in the jurisdiction.

Here, the Court granted Snyder permission to issue subpoenas on the false premise that NCMI had its "principle place of business" in Los Angeles. While it is true that NCMI once had an office in Los Angeles, that office was closed long before Snyder submitted its petition to the Court. Chowdhary Decl. ¶6. Petitioners presented no evidence that this was NCMI's headquarters, let alone its "principle place of business" as it alleged "on information and belief."

Because NCMI did not reside in and was not to be "found in" this judicial district at the time of Snyder's petition, there was no statutory basis for the Court to permit Snyder to issue subpoenas. Accordingly, any failure to comply with the subpoenas cannot be the basis for holding NCMI in contempt. *United States Catholic Conference v. Abortion Rights Mobilization, Inc.,* 487 U.S. 72, 76, 108 S. Ct. 2268, 2270 (1988) ("[I]f a district court does not have subject-matter jurisdiction over the underlying action, and the process was not issued in aid of determining that jurisdiction, then the process is void and an order of civil contempt based on refusal to honor it must be reversed.")

### b. Even if the Court Had Properly Authorized Snyder to Issue the Subpoenas, NCMI Has Now Complied

Without waiving its jurisdictional challenge under Section 1782, NCMI attempted to resolve this matter informally with Snyder's counsel by submitting sworn testimony describing its previous business and confirming under oath that it had no documents responsive to the subpoenas. Meckes Decl. ¶¶2, Ex. C. NCMI also provided formal responses confirming NCMI has no responsive documents.

*Id.* Snyder, however, has pressed for additional information with no apparent bearing on the matters in dispute. *Id.* ¶3, Ex. D.

NCMI owner and officer Nirnay Chowdhary has sworn under oath that "NCMI does not possess, control or have custody of any computers, servers or storage media anywhere in the world." Chowhdary Decl. ¶9. Chowdhary has further sworn that "NCMI does not now and has never owned, operated or controlled the MEAWW website or any content posted on that website." *Id.* ¶11. NCMI maintains no documents pertaining to its business within the United States. *Id.* ¶10. NCMI has and no relationship or other dealings with Honey House XXX, LLC d/b/a HoneyHouse PR, Ari Bass a/k/a or p/k/a Michael Whiteacre, or Marc Randazza. *Id.* ¶12. NCMI has does not have possession, custody or control over any documents related to any of those persons. *Id.* And importantly, NCMI wound up its business operations long before the alleged defamatory articles were published in India and had no involvement whatsoever in publishing that content. *Id.* ¶¶4, 7. To the extent there are any documents pertaining to NCMI's business, they are in India. *Id.* ¶10. And, in any event, such documents can have nothing to do with Snyder or the allegedly defamatory articles since NCMI wrapped up its business long before the publications at issue. *Id.*

Because NCMI has no documents, employees or agents within this judicial district or the United States, this should be the end of it. Any documents pertaining to NCMI's business (1) have nothing to do with the allegedly defamatory articles, and (2) are not within this Court's jurisdiction. *Norex Petroleum Ltd. v. Chubb Ins. Co. of Can.,* 384 F. Supp. 2d 45, 2005 U.S. Dist. LEXIS 18821 (D.D.C. 2005) (Obtaining documents held outside United States is not proper use of 28 USCS § 1782). And the only persons who can testify for NCMI reside in India and are already defendants in the India action. Thus, if any testimony is required, it can be taken in the jurisdiction where the litigation is pending. See Chowdhary Decl. ¶3.

1  In short, because NCMI has nothing to provide to Snyder, there is nothing
2 more to consider.  Even if NCMI waived objections to the subpoenas (as Snyder
3 contends and NCMI disputes), there is still no evidence in this district to turn over.
4 Again, even if this Court has statutory subject matter jurisdiction to issue the
5 subpoenas, they have been satisfied and therefore there is no basis for any order of
6 contempt.

### III.   CONCLUSION

For the foregoing reasons, this Court should find that there is no basis for any further proceedings regarding contempt and it should dismiss this proceeding.

Dated: October 29, 2020                               Squire Patton Boggs (US) LLP

By:  /s/ Joseph A. Meckes
　　　Joseph A. Meckes

Attorneys for Respondent
NEW CONTENT MEDIA INC.