Carla M. Wirtschafter (SBN 292142)
Email:   cwirtschafter@reedsmith.com
REED SMITH LLP
1901 Avenue of the Stars, Suite 700
Los Angeles, CA  90067-6078
Telephone 310-734-55200
Fax 310-734-5299

Jordan W. Siev (*Pro hac vice*)
599 Lexington Avenue, 29th Floor
New York, NY 10022
Tel: (212) 521-5400
Fax: (212) 521-5450
jsiev@reedsmith.com

Rizwan A. Qureshi (*Pro hac vice*)
1301 K Street, N.W.
Suite 1000, East Tower
Washington, DC 20005-3317
Telephone: (202) 414-9200
Facsimile: (202) 414-9299
Email: rqureshi@reedsmith.com

*Attorneys for Petitioner
  Daniel Snyder*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Application of Daniel Snyder for an Order Directing Discovery from New Content Media Inc. d/b/a MEA WorldWide Pursuant to 28 U.S.C. § 1782 | Misc. Action No. 2:20-mc-00076<br><br>**Petitioner Daniel Snyder's Supplemental Submission [Dkt. 31] Re Contempt Against New Content Media, Inc. for Failing to Comply With Subpoenas for Documents**<br><br>*The Honorable Michael R. Wilner* |

# Table of Contents

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | PUBLICLY AVAILABLE EVIDENCE SHOWS THAT NEW CONTENT RESIDES IN AND CAN BE FOUND IN THIS DISTRICT | 2 |
| | A. At the Time Petitioner Commenced This Action, There Was Significant Evidence Submitted to Confirm That New Content Resides or Can be Found in This District | 2 |
| | B. Publicly Available Information Confirms that New Content Resided and Could be Found in This District | 3 |
| |    1. New Content Was Registered to Do Business In This District Through At Least October 11, 2020 | 4 |
| |    2. Mr. David Richard Acted As an Agent for New Content In This District And New Content Employed Mr. David Richard In This District | 5 |
| |    3. MEAWW's Privacy Policy Continues to Represent That Its Services Are "Hosted and Operated" In the United States | 6 |
| III. | PETITIONER SHOULD BE ALLOWED TO INVESTIGATE MR. CHOWDHARY'S STATEMENTS | 8 |
| IV. | CONCLUSION | 10 |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Petitioner Daniel Snyder's Supplemental Submission [Dkt. 31] Re Contempt Against New Content Media, Inc. for Failing to Comply With Subpoenas for Documents

# TABLE OF AUTHORITIES

Page(s)

## Cases

*In re Ex Parte Application of TPK Touch Sols. (Xiamen) Inc.*,
   No. 16-MC-80193-DMR, 2016 U.S. Dist. LEXIS 159681, 2016 WL
   6804600 (N.D. Cal. Nov. 17, 2016) ................................................................. 4

*Bancroft & Masters, Inc. v. Augusta National Inc.*,
   223 F.3d 1082 (9th Cir. 2000) ......................................................................... 4

*Bank of Alameda Cty. v. McColgan*,
   69 Cal. App. 2d 464 (1945) ............................................................................. 5

*In re Bankers Trust Co.*,
   61 F.3d 465 (6th Cir. 1995) ............................................................................. 7

*Cumis Ins. Society, Inc. v. South-Coast Bank*,
   610 F. Supp. 193 (N.D. Ind. 1985) .................................................................. 7

*Ecuadorian Plaintiffs v. Chevron Corp.*,
   619 F.3d 373 (5th Cir. 2010) ........................................................................... 8

*Heraeus Kulzer, GmbH v. Biomet, Inc.*,
   633 F.3d 591 (7th Cir. 2011) ........................................................................... 8

*Hirsch v. Blue Cross, Blue Shield of Kansas City*,
   800 F.2d 1474 (9th Cir. 1986) ......................................................................... 4

*HRC-Hainan Holding Co., LLC v. Yihan Hu*,
   No. 19-mc-80277-TSH, 2020 U.S. Dist. LEXIS 32125 (N.D. Cal. Feb.
   25, 2020) .......................................................................................................... 9

*Husayn v. Mitchell*,
   938 F.3d 1123 (9th Cir. 2019) ......................................................................... 8

*Illumina Cambridge Ltd. v. Complete Genomics, Inc.*,
   No. 19-mc-80215-WHO (TSH), 2020 U.S. Dist. LEXIS 29201 (N.D.
   Cal. Feb. 19, 2020) .......................................................................................... 7

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*Leon v. Clorox Co.*,
    No. 19-mc-80296-DMR, 2020 U.S. Dist. LEXIS 143949 (N.D. Cal.
    Aug. 10, 2020) ........................................................................................................ 7

*In re Qualcomm Inc.*,
    162 F. Supp. 3d 1029 (N.D. Cal. 2016) .................................................................. 4

*In re Republic of Equador*,
    Nos. C 11-80171 CRB, C 11-80172 CRB, 2011 U.S. Dist. LEXIS
    108612, 2011 WL 4434816 (N.D. Cal. Sept. 23, 2011) .......................................... 4

*Soto v. City of Concord*,
    162 F.R.D. 603 (N.D. Cal. 1995) ........................................................................... 7

*In re Stati*,
    No. 15-MC-91059-LTS, 2018 U.S. Dist. LEXIS 8111, 2018 WL
    474999 (D. Mass. Jan. 18, 2018) ........................................................................... 7

*Weber v. Finker*,
    554 F.3d 1379 (11th Cir. 2009) .............................................................................. 8

**Statutes**

Cal. Corp. Code § 191(a) .............................................................................................. 4

Cal. Corp. Code § 2105(a) ............................................................................................ 4

Cal. Corp Code § 2114(d) ............................................................................................. 5

**Other Authorities**

www.meaww.com (last accessed on November 13, 2020) ........................................... 6

## I. INTRODUCTION

Petitioner Daniel Snyder ("Petitioner") commenced this miscellaneous action on August 7, 2020 for Assistance in Aid of a Foreign Proceeding Pursuant to 28 U.S.C. § 1782 in order to request discovery from New Content in aid of litigation currently pending in The High Court of Delhi at New Delhi (the "Indian Court"), bearing the caption *Daniel Snyder Through His SPA Holder vs. Eleven Internet Services LLP & Ors.*, filed August 7, 2020 (the "Indian Action"). [Dkt. 1.] Respondent ignored *four* subpoenas authorized by this Court, which were validly served [Dkt. 24], and failed to timely respond to this Court's Order to Show Cause [Dkts. 25-26].

After representing to this Court that it had no jurisdiction to enter these Orders because "[o]n July 26, 2020, [New Content] filed a Certificate of Surrender with the California Secretary of State" [Dkt. 30-2, ¶ 5][1], a statement that is not supported by any public document, Respondent now admits that this representation was false. Dkt. 32. In fact, Respondent admits that its Certificate of Surrender was not "submitted" to the California Secretary of State until October 10, 2020 [Dkt. 32, ¶ 6], and according to the California Secretary of State, it was filed on October 12, 2020, Dkt. 30-1, p. 15. Thus, New Content's response to the Court's OSC, Dkt. 30, is premised on misstatements, and it is clear that this Court had jurisdiction and authority to grant the Petition and Supplemental Petition, and New Content has offered no explanation for its failure to respond.

As detailed below, New Content nonetheless continues to refuse to turn over responsive information based on additional misstatements in Mr. Chowdhary's declaration regarding New Content's business activities in this district and its legal control of responsive documents. The adamant refusal to respond to validly served subpoenas and to provide evidence supporting the statements Mr. Chowdhary made under penalty of perjury can only mean that not only does New Content have documents

---

[1] New Content's counsel also stated in his declaration to this Court that he was "informed" that the Certificate of Surrender had been filed with the Secretary of state on July 26, 2020. [Dkt. 30-1, ¶ 4].

- 1 -

and information responsive to the four subpoenas validly issued and served, but those documents and information are likely to support Petitioner's claims in the Indian Action.

The evidence in the record before this Court – and submitted herewith – plainly demonstrates that through at least October 11, 2020 New Content was registered to do business in this district and had its principal place of business in this district. Accordingly, Petitioner respectfully requests that the Court grant its application for contempt and order New Content to turn over all documents and information responsive to the served subpoenas.

## II. PUBLICLY AVAILABLE EVIDENCE SHOWS THAT NEW CONTENT RESIDES IN AND CAN BE FOUND IN THIS DISTRICT

### A. At the Time Petitioner Commenced This Action, There Was Significant Evidence Submitted to Confirm That New Content Resides or Can be Found in This District

In support of the Petition, Petitioner provided the following evidence to demonstrate that New Content "resides or is found" in this District:

- New Content registered to do business in the State of California and listed on its filings with the California Secretary of State a business address located at 1601 Vine St. 6th Floor, Los Angeles, CA 90028 [Dkts. 1-6, 9-3, 24-2].
- The Vine St. address was the address listed on the California Secretary of State website through at least October 1, 2020. [Dkt. 26, ¶ 5.]
- According to the MEAWW Privacy Policy (filed at Dkt. 1-5), MEAWW's Services, defined therein to include the "Websites", "Apps", "Social Media Pages" and "email messages" (Dkt. 1-5, pp. 2), are "hosted and operated in the United States." (Dkt. 1-5, 9 at § 9.) New Content is – to Petitioner's knowledge – the only U.S.-based entity that is associated and affiliated with the defendants named in the Indian Action. Dkt. 9, ¶ 2.

- New Content offered the App. for "MEAWW: Media Entertainment Arts World Wide" to the public in the Google Play app store [Dkt. 9-1]; Eleven Internet Services LLP (Defendant in the India Action) offered the same App. in the iTunes store [Dkt. 9-2].[2]

- According to the August 12, 2018 Statement of Information that New Content filed with the California Secretary of State, David Richards was the registered agent for New Content and the address for service of process was the Vine Street address. [Dkt. 9-3].

- David Richard was the "Head of Partnerships and Operations, North America" for MEA WorldWide from August 2017 to July 2018 in the "Greater Los Angeles Area". [Dkt. 9-4, pp. 2.] Moreover, according to his LinkedIn, Mr. Richard remained in the Los Angeles Area as of the filing of the Petition, and continued to work for PubNinja, another entity affiliated with and owned by the Indian Action defendants. [Dkt. 9-4, pp. 1-2.]

Based on this evidence, this Court granted the Petition and Supplemental Petition. [Dkts. 14, 17.] Petitioner served the subpoenas on New Content. [Dkt. 24.]

### B. Publicly Available Information Confirms that New Content Resided and Could be Found in This District

After ignoring multiple Court Orders [Dkts. 14, 17, 25, 26], New Content's co-owner, Nirnay Chowdhary submitted an untimely, self-serving declaration that represents to this Court that New Content ceased all business connections to this district in July 2020. [Dkt. 30-2.] Mr. Chowdhary's declaration did not attach any documents or evidence to support the statements he made therein. Mr. Chowdhary's supplemental declaration, the evidence Petitioner submitted to this Court at the time the Petition and

---

[2] As of November 8, 2020, the MEAWW App. is no longer available on either Google Play or iTunes. *See* Siev Decl., ¶ 6. This app was available for download on both Google Play and iTunes as of at least October 9, 2020. The removal of these Apps. for download appears to be a further attempt by New Content to "cover its tracks" so as to attempt to avoid evade this Court's Orders.

- 3 -

Supplemental Petition were filed (and granted) *and* information that is presently publicly available contradict Mr. Chowdhary's unsupported statements.

### 1. New Content Was Registered to Do Business In This District Through At Least October 11, 2020

Under Section 1782, registering to do business or maintaining an office within the district conclusively demonstrates that the entity "resides or is found in" this district. *See In re Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1037 n.56 (N.D. Cal. 2016) ("Other cases have recognized that designating an agent for service of process and holding a license support a finding of continuous and systematic contacts. *See, e.g., Bancroft & Masters, Inc. v. Augusta National Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000); *Hirsch v. Blue Cross, Blue Shield of Kansas City*, 800 F.2d 1474, 1478 (9th Cir. 1986). Under California law in particular, registering to do business manifests a company's intent to engage in repeated and successive business activities in this state. *See* Cal. Corp. Code § 2105(a) ("A foreign corporation shall not transact intrastate business without having first obtained from the Secretary of State a certificate of qualification"); Cal. Corp. Code § 191(a) ("For the purposes of Chapter 21 (commencing with Section 2100), 'transact intrastate business' means entering into repeated and successive transactions of its business in this state . . . ."); *In re Ex Parte Application of TPK Touch Sols. (Xiamen) Inc.*, No. 16-MC-80193-DMR, 2016 U.S. Dist. LEXIS 159681, 2016 WL 6804600, at *2 (N.D. Cal. Nov. 17, 2016) (finding subpoenaed party was "found" within Northern District for purposes of § 1782 because it maintained an office in the District); *In re Republic of Equador,* Nos. C 11-80171 CRB, C 11-80172 CRB, 2011 U.S. Dist. LEXIS 108612, 2011 WL 4434816, at *2 (N.D. Cal. Sept. 23, 2011) (same).

Mr. Chowdhary now admits that New Content was registered to do business in this district, and listed the Vine Street address as its principle place of business, through October 11, 2020. [Dkt. 32, ¶¶ 1-7.] Accordingly, all relevant submissions and Orders came *before* New Content filed its Certificate of Surrender. The Petition was filed on August 7, 2020 [Dkts. 1, 9], and granted on September 8, 2020 [Dkt. 17]. The

Supplemental Petition was filed on September 2, 2020 [Dkt. 13] and granted on September 3, 2020 [Dkt. 14]. Petitioner served the four subpoenas this Court authorized on September 4 and 9, 2020. [Dkts. 24-3 to 24-6.] In addition, Petitioner filed his application for contempt on September 24, 2020 [Dkt. 24], and this Court issued an Order to Show Cause on September 25, 2020 [Dkt. 25]. New Content ignored all of these Orders.

In addition, noticeably absent from Mr. Chowdhary's declaration is any statement disputing the fact that New Content received copies of the subpoenas served in September [Dkts. 24, 26]. "The fact that a corporation ceases to transact intrastate business without *filing* a certificate of surrender does not revoke the appointment of any agent for the service of process." Cal. Corp Code § 2114(d) (emphasis added); *see Bank of Alameda Cty. v. McColgan*, 69 Cal. App. 2d 464, 469 (1945) ("An effective corporate dissolution requires not only a winding up of the corporate affairs and a surrender of the corporation's right to do business, but also an acceptance by the state of the surrender.") There can be no dispute that New Content's Certificate of Surrender was "filed" on October 12, 2020 [Dkt. 30-1 pp. 15; Dkt. 32], well after this action was commenced, the subpoenas were served and this Court ordered New Content to comply with the validly served subpoenas. [Dkts. 24, 25, and 26.]

Simply put, at the time Petitioner filed his Petition, Supplemental Petition and Application for Contempt, *and* at the time this Court granted the Petition and Supplemental Petition and issued an Order to Show Cause, New Content resided in and was found in this District. Thus, the assertion that this Court lacks jurisdiction under Section 1782 is wrong.

**2. Mr. David Richard Acted As an Agent for New Content In This District *And* New Content Employed Mr. David Richard In This District**

Mr. Chowdhary also states that New Content "does not now have and has never had, any officers, employees or agents resident in the United States," and David Richard "never had a position with [New Content]." [Dkt. 30-2, ¶ 8.] These statements are also

- 5 -

false. Mr. Richard was New Content's agent for service of process [Dkt. 9-3; DKt. 32, ¶¶ 9-11], and according to Mr. Richard's LinkedIn, he was the "Head of Partnerships and Operations, North America" for MEAWW from August 2017 to July 2018 in the "Great Los Angeles Area". [Dkt. 9-4, pp. 2.] While Mr. Chowdhary now claims that Mr. Richard left California in March 2020 and moved to Texas [Dkt. 32, ¶ 12], Mr. Richard's current LinkedIn and Facebook profiles confirm that he remains in the Los Angeles Area working for PubNinja, a company he co-founded with Mr. Chowdhary. *See* Declaration of Jordan Siev ("Siev Decl."), ¶¶ 2-3, Exhs. 1-2.

In addition, both Mr. Chowdhary and Mr. Richards continue to own and operate PubNinja, thus demonstrating that there is an ongoing business relationship between Mr. Richard (in Los Angeles) and New Content's owner, Mr. Chowdhary *in this District*. *Id.*, ¶¶ 3, 4, Exh. 2, pp. 1; Exh. 3 pp. 1. Moreover, the subpoenas expressly seek documents and information about the relationship between New Content and PubNinja. *See* Dkt. 24-3, pp. 13, #16; Dkt. 24-4, pp. 8, #8.

**3. MEAWW's Privacy Policy Continues to Represent That Its Services Are "Hosted and Operated" In the United States**

Mr. Chowdhary further represents that New Content cannot comply with the subpoenas because the relevant documents are in India and that New Content does not "possess, control or have custody of any documents in the United States." [Dkt. 30-2, ¶¶ 9-11.] These statements are a red herring.

Initially, MEAWW's Privacy Policy (filed at Dkt. 1-5), states that MEAWW's services are "hosted and operated in the United States." (Dkt. 1-5, 9 at § 9.) The same Policy identified those US-based services to include the "Websites", "Apps", "Social Media Pages" and "email messages" (Dkt. 1-5, pp. 2). Notably, the MEAWW Privacy Policy presently available on *www.meaww.com* (last accessed on November 13, 2020), contain this same information. *See* Siev Decl., ¶ 5, Exh. 4. Accordingly, MEAWW's own policies confirm that it hosts and operates some data in the United States, and Mr.

- 6 -

Petitioner Daniel Snyder's Application for An Order to Show Cause For Contempt Against New Content Media, Inc. for Failing to Comply With Subpoenas for Documents

Chowdhary does not dispute that New Content is the US-based business entity he formed to "provide services" to the Indian Action defendants. Dkt. 30-2, ¶ 4.

Moreover, Mr. Chowdhary readily admits that he owns both New Content and MEAWW and is an officer of New Content. [Dkt. 30-2, ¶¶ 1-3.] Thus, he has legal control over documents belonging to New Content (as well as MEAWW), and nothing in his declaration explains why responsive records cannot be produced. "The phrase 'possession, custody or control' in Rule 45 'is in the disjunctive and only one of the numerated requirements need be met.' *Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D. Cal. 1995) (quoting *Cumis Ins. Society, Inc. v. South-Coast Bank*, 610 F. Supp. 193, 196 (N.D. Ind. 1985)); *see also In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995) ('[F]ederal courts have consistently held that documents are deemed to be within the 'possession, custody or control' for purposes of Rule 34 if the party has *actual* possession, custody or control, or has the legal right to obtain the documents on demand. Thus, legal ownership of the document is not determinative.')" *See Illumina Cambridge Ltd. v. Complete Genomics, Inc.*, No. 19-mc-80215-WHO (TSH), 2020 U.S. Dist. LEXIS 29201, at *23 (N.D. Cal. Feb. 19, 2020).

Finally, even if it is true that the responsive documents and information are physically located in India, New Content cannot ship documents overseas to avoid proper discovery and this Court's Orders. *See Id.* at *27 ("But Respondents are in litigation and have been aware of IC's § 1782 application since September 2019, [citation omitted], so they were under an obligation to preserve those documents and cannot escape their duty to produce them by shipping them overseas or wiping them from their drives."); *see also Leon v. Clorox Co.*, No. 19-mc-80296-DMR, 2020 U.S. Dist. LEXIS 143949, at *16-17 (N.D. Cal. Aug. 10, 2020) ("The extent to which Clorox must produce documents that are in its possession, custody, or control but are located abroad is a question more appropriately addressed in the context of the burden associated with the requested discovery.") citing *In re Stati*, No. 15-MC-91059-LTS, 2018 U.S. Dist. LEXIS 8111, 2018 WL 474999, at *5-6 (D. Mass. Jan. 18, 2018) (The

- 7 -

Petitioner Daniel Snyder's Application for An Order to Show Cause For Contempt Against New Content Media, Inc. for Failing to Comply With Subpoenas for Documents

"plain language of section 1782 . . . 'requires only that the party from whom discovery is sought be 'found' here; not that the documents be found here'").

Simply put, Mr. Chowdhary, as "the co-owner and an officer" of New Content, has the authority and ability to obtain and produce documents responsive to the subpoenas, and there is no reason why such documents cannot be transmitted from India through electronic means to Petitioner and his counsel. Indeed, neither of Mr. Chowdhary's declarations, nor his counsel's declaration, disputes this fact. [Dkt. 30-1, Dkt. 30-2, Dkt. 32.]

### III. PETITIONER SHOULD BE ALLOWED TO INVESTIGATE MR. CHOWDHARY'S STATEMENTS

The numerous inconsistencies in Mr. Chowdhary's declaration, which he refuses to support with evidence, also raise serious doubt about the truth of those statements. Mr. Chowdhary concedes that New Content's business activities in this District included "paying freelance writers and others to create content for social media, to subscribe to services and solicit press releases that required a local U.S. presence" [Dkt. 30-2, ¶ 4]. Such activities are precisely what is at issue in the Indian Action.

"Once the court . . . grants the section 1782 application, 'the ordinary tools of discovery management, including [Federal Rule of Civil Procedure] 26, come into play; and with objections based on the fact that discovery is being sought for use in a foreign court cleared away, section 1782 drops out.' *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 597 (7th Cir. 2011) (citing *Ecuadorian Plaintiffs v. Chevron Corp.*, 619 F.3d 373, 377-78 (5th Cir. 2010); *Weber v. Finker*, 554 F.3d 1379, 1384-85 (11th Cir. 2009)). In other words, once a section 1782 application is granted, the ordinary rules of civil procedure relating to discovery shift into place.)" *Husayn v. Mitchell*, 938 F.3d 1123, 1128 n.9 (9th Cir. 2019). Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties'

Petitioner Daniel Snyder's Application for An Order to Show Cause For Contempt Against New Content Media, Inc. for Failing to Comply With Subpoenas for Documents

relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *HRC-Hainan Holding Co., LLC v. Yihan Hu*, No. 19-mc-80277-TSH, 2020 U.S. Dist. LEXIS 32125, at *33 (N.D. Cal. Feb. 25, 2020).

The record demonstrates that New Content disobeyed multiple Court Orders, and then in an effort to justify this behavior, New Content's (and MEAWW's) owner submitted a declaration to this Court, which on its face makes false statements. Despite requests to substantiate those statements, New Content refuses to provide *any* evidence to support Mr. Chowdhary's self-serving statements about New Content's business. *See* Dkt. 30-1, pp. 10-11. Moreover, Mr. Chowdhary now admits that at least some of his prior statement were not accurate. Dkt. 32. This, in conjunction with public information and the evidence in the record, simply does not excuse New Content's willful disregard of multiple Court Orders. Petitioner should therefore be permitted, following receipt of responsive documents, to depose Mr. Chowdhary about those documents as well as the statements in his declaration, which is relevant and likely to lead to the discovery of admissible evidence about New Content's business, including its business activities related to the hiring and payment of "freelance writers and others to create content for social media, to subscribe to services and solicit press releases" [Dkt. 30-2, ¶ 4].

///

///

## IV. CONCLUSION

For the reasons set forth herein, and in Petitioner's Application for Contempt [Dkt. 24], Petitioner respectfully requests that the Court hold New Content in contempt, order New Content to produce all documents in its possession, custody and control within 7 days of the Court's Order, order a deposition of Mr. Chowdhary, and order that New Content pay Petitioner's reasonable attorney's fees in an amount to be determined.

Dated: November 13, 2020                REED SMITH LLP

                                        By: */s/ Carla Wirtschafter*
                                            Jordan W. Siev
                                            Rizwan A. Qureshi
                                            Carla Wirtschafter

                                            *Attorneys for Petitioner*
                                            *Daniel Snyder*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware