Squire Patton Boggs (US) LLP
Joseph A. Meckes (State Bar # 190279)
joseph.meckes@squirepb.com
Hong T Le (State Bar # 242335)
hong.le@squirepb.com
275 Battery Street, Suite 2600
San Francisco, California 94111
Telephone: +1 415 954 0200
Facsimile: +1 415 393 9887

Attorneys for Respondent
NEW CONTENT MEDIA, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Application of Daniel Snyder for an Order Directing Discovery from New Content Media Inc. d/b/a MEA WorldWide Pursuant to 28 U.S.C. § 1782 | Civil Action No. 2:20-mc-00076<br><br>**RESPONSE TO PETITIONER DANIEL SNYDER'S SUPPLEMENTAL SUBMISSION [Dkt. 33] RE CONTEMP AGAINST NEW CONTENT MEDIA, INC. FOR FAILING TO COMPLY WITH SUBPOENAS FOR DOCUMENTS** |

1    Respondent New Content Media, Inc. ["NCMI"] stands on its previous
2 argument that this Court did not have statutory authority to issue subpoenas
3 pursuant to 28 USC §1782.  It is undisputed that NCMI closed its Los Angeles
4 office in February 2020.  There is no evidence that NCMI had any presence in this
5 judicial district at the time Snyder made this application.  Because NCMI did not
6 reside in, and was not "found in" this judicial district, no subpoenas can issue under
7 28 USC §1782.

8    As set forth in the Declarations of Nirnay Chowdhary, NCMI had instructed
9 its financial accountant to submit a Certificate of Surrender prior to any issues with
10 Mr. Snyder.  NCMI only discovered through this proceeding that this had not
11 occurred.  Documentary evidence shows that NCMI notified its registered agent for
12 service of process that NCMI was revoking its status as such.  Regardless, whether
13 NCMI was still technically registered to do business in California, at the time this
14 proceeding was commenced, it had no presence in this judicial district.

15   Snyder's most recent submission strangely relies heavily on the ideas that an
16 individual named David Richard was NCMI's statutory agent for service of
17 process.  As shown in Mr. Chowdhary's supplemental declaration, Mr. Richard was
18 so designated only until May 9, 2019 –about 15 months before this proceeding was
19 commenced.  *See* Supplemental Chowdary Decl. ¶10.

20   Why Snyder insists incorrectly that Mr. Richard is NCMI's agent and that his
21 presence in Los Angeles is relevant is a mystery.  Notably, in Snyder's original
22 application, Snyder claimed informed the Court that Mr. Richard was, in fact,
23 NCMI's registered agent *at the time of the submission*:  "An individual named
24 David Richard – who upon information and belief lives in Los Angles—***is both***
25 ***registered agent for New Content,*** and worked as MEAWW's Head of Partners &
26 Operations in North America."  ECF 1:1-3 (emphasis added).

27    It is now clear (as it was at the time Snyder made this statement to the Court)
28 that Corporate Services Company ("CSC") was NCMI's agent for service of

process.[1]  Whether Mr. Richard now resides in Austin, Texas (as Mr. Chowdhary has sworn) or whether Mr. Richard's social media posts profiles establish his presence in Los Angeles (which they do not), it does not matter.  The fact that Mr. Richard served as statutory agent for services of process a year and a half before this proceeding commenced and his purported relationship to other companies not before the Court is irrelevant.

Snyder also appears to take the position that Section 1782 can be used to end run India discovery rules.  Snyder argues that because NCMI is found in here, this Court should order NCMI's principals to appear and testify about the case that is the subject of litigation in India – even though those persons are all resident in India and defendants in the India action.  The point of Section 1782 is to permit litigants to obtain evidence in aid of foreign litigation that is located ***here***.  "Nothing in the statute or its legislative history suggests that Congress intended to enable litigants to obtain discovery from anyone, anywhere as long as that person resides or could be 'found' in a judicial district of the United States."  *In re Astronics Advanced Elec. Sys.,* No. C12-0776-JCC, 2012 U.S. Dist. LEXIS 192651, at *5 (W.D. Wash. Sep. 19, 2012); *Four Pillars Enters. Co. v. Avery Dennison Corp.,* 308 F.3d 1075, 1080 (9th Cir. 2002) (where person from whom discovery is sought is a defendant in the foreign litigation, the foreign "courts are well situated to determine whether such material is subject to discovery, and in what manner.").

In any event, whether the Court finds it appropriately issued subpoenas here, there is nothing more to be done.  NCMI has provided responses to the subpoenas and sworn testimony confirming that NCMI has no responsive documents ***anywhere in the world*** and no witnesses in the United States – let alone in this judicial district.  To the extent Snyder wishes to take depositions of NCMI's principals for matters that occurred in their roles at *other* companies *in India* is entirely improper.  Snyder should not be permitted to use United States courts to

---

[1] A simple search of the California Secretary of State Business Search shows that Mr. Richard was replaced as NCMI's registered agent on May 9, 2019.

obtain evidence that it should, by all rights, obtain in India – the forum where Mr. Snyder elected to sue.

    For these reasons, the Court should rule that it lacked statutory authority to issue the subpoenas at issue here or, alternatively, find that NCMI's response moots any further issues.

Dated: November 20, 2020　　　　　　　　Squire Patton Boggs (US) LLP

By: /s/ Joseph A. Meckes  
　　　Joseph A. Meckes

Attorneys for Respondent  
NEW CONTENT MEDIA INC.

010-9140-0134/1/AMERICAS