# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | Misc. 20-76 MWF (MRWx) | Date | December 2, 2020 |
| Title | In re Snyder Application | | |

| | |
|---|---|
| Present: | Hon. Michael R. Wilner, U.S. Magistrate Judge |

| | |
|---|---|
| Veronica Piper | n/a |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys for Petitioner: | Attorneys for Respondent: |
| n/a | n/a |

**Proceedings:**   ORDER SETTING HEARING

    1.    The Court reviewed the parties' submissions that followed our last video hearing. (Docket # 32-34.) The matter will be set for a further video hearing on Wednesday, December 9, at 10:30 a.m PT. To facilitate our discussion, I offer my tentative thoughts about the status of the action.

\* \*\*

    2.    As an initial matter, Petitioner Snyder clearly was entitled to the original issuance of the Section 1782 orders. The Court declines to reconsider those decisions.

    3.    The gist of New Content's argument is that the company "did not reside in and was not to be 'found in' this judicial district at the time of Snyder's petition" for the issuance of subpoenas. (Docket # 30 at 4.) That, in turn, was based on the assertion that New Content filed for and received a "certificate of surrender" from the California Secretary of State sometime in early or mid-2020. (Docket # 30-1 at 15.)

    4.    However, Mr. Chowdhary's supplemental declaration candidly acknowledges that the company didn't actually submit the surrender paperwork until October 10, 2020 (with a "filed" date of October 12). (Docket # 32 at 3.) That was well after the initial Snyder application under § 1782 (August 2020), the second application, and the Court's orders granting the applications (September 2020). (Docket # 1, 13, 17, 23.)

    5.    New Content's statements that it planned to terminate its California affiliate – and that it was only "technically" registered to do business in this state – are unconvincing.[1] Petitioner Snyder's initial assertion was correct: New Content was a

---

    [1]    Regular litigants in my court will know that I hate the use of the word "technically." It's an empty term that generally conveys a not-too-subtle sense of disparagement, or even the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | Misc. 20-76 MWF (MRWx) | Date | December 2, 2020 |
|---|---|---|---|
| Title | In re Snyder Application | | |

registered California corporation with its principal place of business in Los Angeles during that period. (Docket # 1-6 at 2.) That's enough to satisfy the statute, even if other factual assertions (whether or not Mr. Richard was an officer or registered agent, was the L.A. office / WeWork space really open, etc.) did not pan out. Khrapunov v. Prosyankin, 931 F.3d 922, 925 (9th Cir. 2019).

      6.     Other aspects of New Content's opposition submissions also fall a bit flat. New Content suggests that this Court's authority under Section 1782 is limited to ordering the production of evidence "that is located here" in this judicial district. (Docket # 34 at 3 (emphasis in original).

      7.     Ample authority establishes that the scope of a Section 1782 subpoena is equivalent to that under the Federal Rule of Civil Procedure. More directly, there is "no per se bar to the extraterritorial application of § 1782." In re Del Valle Ruiz, 939 F.3d 520, 524 (2d Cir. 2019); Sergeeva v. Tripleton Int'l Ltd., 834 F.3d 1194 (11th Cir. 2016) (same); Illumina Cambridge Ltd. v. Complete Genomics, Inc., 2020 WL 820327 (N.D. Cal. 2020) (same); In re De Leon, 2020 WL 1180729 (N.D. Ohio 2020) (same). Rather, a district court is obliged to "exercise its discretion" under ordinary discovery principles to determine whether to order the production of materials that a company possesses or controls internationally.[2] Del Valle Ruiz, 939 F.3d at 533; In re Premises Located at 840 140th Ave, Bellevue, Washington, 634 F.3d 557, 563 (9th Cir. 2011).

      8.     However, the Court's ability to exercise that discretion here isn't very clear. New Content denies that it possesses responsive materials in California or in the United States. (Docket # 30-1 at 7.) It also denies ownership of computers "anywhere in the world." (Docket # 30-2 at 2.) Further, New Content claims that it has no links to the

---

opposite of whatever the speaker is trying to modify. Don't believe me? Walk up to your spouse / partner / child / mom and say, "Technically, I love you." The reaction undoubtedly will be less cordial than a sincere "I love you." It may also be followed by a chair thrown at your head.

      Put another way, saying that New Content was only "technically" registered in California doesn't really enlighten me about the company's status one way or the other – not the result that the well-spoken Mr. Meckes intended.

[2]     I particularly note Magistrate Judge Hixson's cogent comment that concerns about producing documents outside the United States are "largely anachronistic" in an era of "electronic storage, which can be accessed with equal effort from any location." Illumina Cambridge, 2020 WL 820327 at *10. The same could likely be said of a Zoom / Teams / FaceTime deposition of a corporate representative under Rule 30(b)(6) during coronavirus times.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | Misc. 20-76 MWF (MRWx) | Date | December 2, 2020 |
|---|---|---|---|
| Title | In re Snyder Application | | |

MEAWW website, which is central to the current dispute and the Indian action. (Id. at 3.) Snyder might be entitled to conduct some limited discovery to test those assertions.

      9.      But New Content also acknowledges that other materials it possesses (including, perhaps, items responsive to the Snyder requests) "are in India." (Id.) That brings us back to the Intel factors discussed in my earlier order. One component of Intel is whether the request for discovery assistance in a U.S. court "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country." Intel Corp. v. AMD, Inc., 542 U.S. 241, 265 (2004). This Court may well be hesitant to exercise its discretion to assist a litigant in an Indian action to obtain Indian-based materials from an Indian party outside the confines of the Indian court case.

\* \* \*

      10.      With these thoughts in hand, the parties' talented attorneys should be prepared to discuss – with real specificity, and an eye on the calendar – whether and what discovery this Court should permit in its discretion as we move forward. Either side may (but is not required to) file a short proposal with the Court in advance of our hearing.