1  Squire Patton Boggs (US) LLP
   Joseph A. Meckes (State Bar # 190279)
2  joseph.meckes@squirepb.com
   Hong T Le (State Bar # 242335)
3  hong.le@squirepb.com
   275 Battery Street, Suite 2600
4  San Francisco, California  94111
   Telephone:  +1 415 954 0200
5  Facsimile:   +1 415 393 9887

6  Attorneys for Specially Appearing Respondent
   NEW CONTENT MEDIA, INC.
7

8              UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10

| 11 | In re Application of Daniel Snyder for an Order Directing Discovery from New Content Media Inc. d/b/a MEA WorldWide Pursuant to 28 U.S.C. § 1782 | Civil Action No. 2:20-mc-00076 |
|----|---|---|
| 12 | | **DISCOVERY PROPOSAL PER THE COURT'S DECEMBER 2, 2020 MINUTE ORDER (ECF 35)** |

- 1 -
DISCOVERY PROPOSAL PER THE COURT'S MINUTE ORDER

As this Court properly recognized in its December 2, 2020 minute order, the Court should not exercise its discretion to order discovery that is simply an "attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country."[1] *Intel Corp. v. AMD, Inc.*, 542 U.S. 241, 265 (2004). The Court invited short proposals in advance of the December 9, 2020 hearing. NCMI proposes the Court exercise its discretion to deny further relief as any information sought would be available from the parties to the India Action or is irrelevant to the dispute.

As set forth in the Declaration of Nirnay Chowdhary, NCMI had no involvement in the purportedly defamatory publication at the heart of the India Action. ECF 30-2 at ¶7. NCMI ceased business operations in May 2020 and ended any subscriptions or other relationships in the U.S. around the same time. Id. ¶4. NCMI has no electronic documents either here or anywhere else in the world. Id. ¶9. "NCMI does not now and has never owned, operated or controlled the MEAWW website or any content posted on that website." Id. ¶12.

It is worth noting that the subpoenas issued by Snyder were ***extraordinarily*** overbroad and sought information well beyond the scope of permissible discovery. For example, Requests 20 and 21, seek "All Documents and Communications with or concerning Anay Chowdhary / Nirnay Chowdhary" respectively. Given that these individuals are the principals of NCMI, it is conceivable that such documents exist, but given that NCMI ceased business long before publication of any defamatory content, how such communications could be relevant is a mystery.

To the extent this Court were to order some limited discovery, it is clear that Snyder intends to pursue discovery divorced from NCMI or completely irrelevant

---

[1] NCMI reserves its objections to the subpoenas issues pursuant to 28 U.S.C. 1782 as stated in its Response to Order to Show Cause (ECF 30) and by this submission does not intend to waive those objections.

to the case. In an October 26, 2020 email, Snyder's counsel demanded answers to the following questions:

- Please identify and describe all of the services New Content provided to Eleven and MEAWW.
- Please identify the "freelance writers and "others" New Content paid to "create content" for Eleven and MEAWW's social media.
- Please identify and describe the services New Content "subscribe[d] to" and the "press releases" solicited for Eleven and MEAWW.
- Please provide evidence that New Content's "last freelancer" was paid in April 2020, and please identify the freelancer.
- Please provide evidence that New Content's "last subscription expired in May 2020", and please identify the subscription.
- Please provide a copy of New Content's July 26, 2020 submission to the California Secretary of State which also shows the date of submission.
- Please describe the purpose of the office space rented at 1601 Vine Street.
- Please describe the relationship and or affiliation between PubNinja and New Content, Eleven and/or MEAWW.
- Please describe all services David Richards performed for New Content, even if he was "never paid".
- Please describe David Richards' role and/or position at PubNinja.
- Please describe David Richards' role and/or position at MEAWW.

See ECF 30-1 (10/26/20 email from Carla Wirtschafter). Where such questions relate to NCMI's business, they are irrelevant. For example, work done by NCMI before it ceased business in April can have no bearing on a defamation claim that arose only in July – and Mr. Chowdhary's sworn testimony is that NCMI had no role in that publication in any event. ECF 30-2 ¶7.

More importantly, to the extent Snyder is seeking information that is relevant to his claims, that information would likely be in the possession of Anay or Nirnay Chowdhary—but not in their roles as principals of NCMI. The Chowdhary brothers are both individually named defendants in the India Action. And while they are NCMI's principals, they are also principals in MEAWW and Eleven

- 3 -
DISCOVERY PROPOSAL PER THE COURT'S MINUTE ORDER

Internet Services, which are also defendants in the India Action. Thus, if anyone affiliated with NCMI has information relevant to the dispute it would be in their roles as principals of MEAWW or Eleven Internet for which they were sued by Mr. Snyder in India – not as principals of NCMI.

For whatever reason, Mr. Snyder chose to bring his action in India. Now, he is using this Court as a tool to circumvent whatever procedural rules govern the collection of evidence in India. This Court should properly exercise its discretion and decline to order the *defendants* in the India Action to give discovery to the *plaintiff* in the India action. This goes against the spirit, if not the express text, of Section 1782.

Dated: December 9, 2020                             Squire Patton Boggs (US) LLP


By: /s/ Joseph A. Meckes
      Joseph A. Meckes

Attorneys for Respondent
NEW CONTENT MEDIA INC.

- 4 -
DISCOVERY PROPOSAL PER THE COURT'S MINUTE ORDER