Carla M. Wirtschafter (SBN 292142)
Email: cwirtschafter@reedsmith.com
REED SMITH LLP
1901 Avenue of the Stars, Suite 700
Los Angeles, CA 90067-6078
Telephone 310-734-55200
Fax 310-734-5299

Jordan W. Siev (*Pro hac vice*)
599 Lexington Avenue, 29th Floor
New York, NY 10022
Tel: (212) 521-5400
Fax: (212) 521-5450
jsiev@reedsmith.com

Rizwan A. Qureshi (*Pro hac vice*)
1301 K Street, N.W.
Suite 1000, East Tower
Washington, DC 20005-3317
Telephone: (202) 414-9200
Facsimile: (202) 414-9299
Email: rqureshi@reedsmith.com

*Attorneys for Petitioner*
  *Daniel Snyder*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re Application of Daniel Snyder for an Order Directing Discovery from New Content Media Inc. d/b/a MEA WorldWide Pursuant to 28 U.S.C. § 1782 | Misc. Action No. 2:20-mc-00076<br><br>**Petitioner's Status Report Regarding Discovery Pursuant to Dkt. 41**<br><br>*The Honorable Michael R. Wilner* |

Petitioner Daniel Snyder ("Petitioner") provides the following Status Report pursuant to the Court's Minute Order at Dkt. 41. Respondent New Content Media Inc. ("Respondent" or "New Content") declined to provide its portion of this report.[1]

## I. PETITIONER'S STATEMENT

Following the previous hearing with the Court, Petitioner sent the email attached hereto as **Exhibit A** in an effort to meet and confer with Respondent and narrow any remaining disputes.[2] In response, Respondent continues to refuse to provide relevant and responsive discovery in its possession, custody and control, to take positions that Petitioner believes are inconsistent with the Court's Orders and to make accusations that are not productive and are preventing the matter from efficiently moving forward. Accordingly, and in an effort to move this matter forward, Petitioner respectfully requests that the Court order Respondent to provide the additional documents described in Section A below, and to appear for deposition on the topics identified in Section B below.

### A. The Additional Documents Petitioner Has Requested Are Relevant to the Indian Action

In response to the subpoenas served and Petitioner's discovery proposal, Dkt. 36, Respondent chose to self-select documents to produce. The produced documents consisted primarily of Respondent's Chase Bank records for the year 2020. Those records include a number of deposits, withdrawals and transfers between New Content and the Indian Action Defendants, including "revenue" payments that New Content accepted on behalf of the Indian Action Defendants during the relevant time period.

Absent from the production are the underlying transaction documents explaining

---

1 *See* Exhibit B.

2 Petitioner understood from the Court's response during the December 9, 2020 conference to Ms. Wirtschafter's question about Local Rule 37 that the Court prefers discovery disputes to be submitted in a joint status report. If Petitioner's counsel misunderstood and the Court prefers that Petitioner file a Local Rule 37 Joint Stipulation to compel Respondent's compliance with discovery, Petitioner will promptly do so.

the purpose and nature of these transactions. The additional documents requested, *see* list below, seek this information. *See* Exh. A, pp. 4-5.

1. Documents related to the purpose of the online wire transfers to Hdfc Bank Ltd Kanjur Mang East Mumbai India (which appears to be a bank account for Eleven, an Indian Defendant) and referenced as "software development" on New Content's Chase Bank Statements, including documents related to the reason the payment was referred to as "software development" for 6 transactions between June 18, 2020 and November 18, 2020 for nearly $50,000.

2. Documents related to the purpose of the deposit on July 31, 2020 for $1,000 from Nirnay Chowdhary's personal account and the reason Mr. Chowdhary was making a payment to New Content.

3. Records reflecting the Stripe payments New Content received in June 2020 and July 2020, and the nature and purpose of the revenue New Content was collecting on behalf of PubNinja.

4. Records reflecting the nature and purpose of the revenue deposits New Content received from Gumgum Inc., Teads Inc. and Amazon Co. between April 2020 and September 2020 totaling approximately $41,781.

These transactions are relevant to the claims central to the Indian Lawsuit, which alleges, among other things, that the Indian Defendants were compensated for and/or received revenue for posting the July 16, 2020 defamatory articles on meaww.com. *See* Dkt. 1, pp. 4-7. The Indian Lawsuit further alleges that the Indian Defendants used bots and fake social media accounts to manufacture "sources" for the false statements. *Id*. In the original petition filed with this Court, Petitioner advised the Court that he sought, among other items, discovery concerning: "(3) the revenues that were generated as a result of the "click-bait" Defamatory Articles; (4) any compensation the Indian Action Defendants and/or Respondent received in exchange for publishing the Defamatory Articles, and from whom." *See* Dkt. 1, pp. 7:27-8:2.

The timing of the transactions identified above, and the amounts paid are consistent with Petitioner's understanding of the methods by which corrupt misinformation campaigns such as the one against Petitioner are carried out, and are relevant in that they reflect payments to and revenue collected on behalf of the Indian Action Defendants around the time of the Defamatory Articles. Respectfully, Mr. Chowdhary's self-serving declaration denying any knowledge of or participation in the creation and dissemination of the Defamatory Articles does not negate Petitioner's right to discover the underlying documents concerning those payments. Dkt. 30-2. Moreover, Mr. Chowdhardy represented that Respondent ceased all business activities in May 2020, *see* Dkt. 30-2 ¶ 4. Petitioner believes that the fact that a company that had ceased all business operations subsequently received more than $40,000 in "revenue" for online activities (documents requested in #3 and #4 above) that it in turn transferred to Eleven (documents requested in #1 above) is a proper subject for discovery into Respondent's role in connection with the Defamatory Articles.

It also appears that Respondent does in fact have possession, custody and control of additional documents. "The phrase 'possession, custody or control' in Rule 45 'is in the disjunctive and only one of the numerated requirements need be met.' *Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D. Cal. 1995) (quoting *Cumis Ins. Society, Inc. v. South-Coast Bank*, 610 F. Supp. 193, 196 (N.D. Ind. 1985)); *see also In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995) ('[F]ederal courts have consistently held that documents are deemed to be within the 'possession, custody or control' for purposes of Rule 34 if the party has *actual* possession, custody or control, or has the legal right to obtain the documents on demand. Thus, legal ownership of the document is not determinative.')" *See Illumina Cambridge Ltd. v. Complete Genomics, Inc.*, No. 19-mc-80215-WHO (TSH), 2020 U.S. Dist. LEXIS 29201, at *23 (N.D. Cal. Feb. 19, 2020). Respondent counsel stated on January 22, 2021: "The best that the Chowdharys [who owns Respondent, Eleven and MEAWW, *see* Dkt. 30-2, ¶¶ 1-2] could do would be to take screen shots of PubNinja's account information with the various companies

that were generating ad revenue for PubNinja, which revenue was deposited into accounts of NCMI because it was U.S.-based account." *See* Exh. A, pp. 1. Moreover, while Petitioner is willing to review these additional responsive documents, it cannot accept Respondent's conditional agreement to produce them and nothing more (other than an AP-agreement) because it does not address the other transactions identified in the Chase bank records, which are equally relevant, and again refuses to confirm that Respondent has conducted a diligent search and reasonable inquiry for responsive documents in its possession, custody and control.

Separately, to the extent Respondent has no additional documents, Petitioner has already advised Respondent that it will accept a statement from Respondent confirming that after a diligent search and reasonable inquiry for additional documents it has no documents. Exh. A, pp. 4-5. For some reason, Respondent continues to be unwilling to confirm that it conducted a diligent search and reasonable inquiry for responsive documents further suggesting that the purpose and nature of these transactions is relevant to the Defamatory Articles.[3]

**B. Petitioner Is Entitled to Depose Respondent's Corporate Representative**

This Court has already authorized Petitioner to depose Respondent's corporate representative. *See* Dkts. 14, 17.

As set forth in Exhibit A hereto, Petitioner intends to cover the following 7 topics:

1. New Content's business relationship with and activities on behalf of MEAWW, Eleven, PubNinja, and The Daily Net. (*See also* Dkt. 1-3, #8.)
2. The defamatory articles, including without limitation the statements about those articles in the declarations of Mr. Nirnay Chowdhary filed with the Court at Dkts. 30-2, 32. (*See also* Dkt. 1-3, #3.)

---

[3] Respondent also created a spreadsheet purporting to "describe" the payments in the Chase records. In order to create that document, Respondent must have been looking at something to provide those descriptions, which suggests there are additional documents notwithstanding Mr. Meckes' statements to the contrary.

- 4 -

3. Mr. Snyder, including without limitation the statements about him in the declarations of Mr. Nirnay Chowdhary filed with the Court at Dkts. 30-2, 32. (*See also* Dkt. 1-3, #6.)

4. The Washington Football Team, including its owners, managers, and principals thereof, as well as any present of former employee(s) or agent(s) thereof, including without limitation the statements about them in the declarations of Mr. Nirnay Chowdhary filed with the Court at Dkts. 30-2, 32. (*See also* Dkt. 1-3, #7.)

5. The transactions identified in the document requests above. (*See also* Dkt. 1-3, #10.)

6. The servers, files and records New Content searched for documents responsive to the requests.

7. New Content's document retention policies and procedures.

Topics 1-5 were identified in the initial subpoena this Court authorized Petitioner to serve. *See* Dkts. 1-3, 17. Mr. Meckes's statement that they are not within the scope of the issued subpoena is therefore mistaken. *See* Exh. A, pp. 1.

Moreover, Mr. Chowdhary's self-serving declaration conclusorily denying any involvement in the Defamatory Articles is not sufficient and as this Court previously noted, Petitioner is entitled to test Mr. Chowdhardy's assertions through cross examination. In addition, topics 6 and 7 are relevant and proportional because Respondent chose to self-select responsive documents rather than use search terms to search the relevant files and servers, and is unwilling to confirm it has conducted a diligent search and reasonable inquiry of all documents and servers in its possession, custody and control. Petitioner is therefore entitled to understand what was and was not searched in order to determine if additional discovery from Respondent is appropriate and/or to identify additional sources of documents and information relevant to the Indian Action.

On January 22, 2021, Respondent confirmed that it is refusing to voluntarily produce a deponent for deposition, and notwithstanding the fact that Respondent was a

- 5 -

California corporation registered to do business in California through October 2020, Respondent will not designate a U.S.-based deponent to testify, and instead has identified Mr. Nirnay Chowdhary as Respondent's Rule 30(b)(6) corporate representative. Accordingly, Petitioner is filing with the Court a request to enter an order requesting international judicial assistance, pursuant to the requirements in India and the Hague Convention, which is required to take the steps necessary to depose Mr. Chowdhardy.

Given the nature of the issues, Petitioner does not believe a deposition by written questions will be efficient. Petitioner intends to conduct the deposition remotely through an online secure remote platform.

Dated: January 25, 2021                REED SMITH LLP

                                       By: */s/ Carla M. Wirtschafter*
                                           Jordan W. Siev
                                           Rizwan A. Qureshi
                                           Carla Wirtschafter

                                           *Attorneys for Petitioner*
                                           *Daniel Snyder*