# EXHIBIT A

**Wirtschafter, Carla M.**

| | |
|---|---|
| **From:** | Meckes, Joseph A. <joseph.meckes@squirepb.com> |
| **Sent:** | Friday, January 22, 2021 10:50 AM |
| **To:** | Wirtschafter, Carla M. |
| **Cc:** | Siev, Jordan W. |
| **Subject:** | RE: Snyder v New Content - Outstanding Discovery and Request to Meet and Confer |

EXTERNAL E-MAIL - From joseph.meckes@squirepb.com

Dear Carla,

Thank you for your email.  As I previously informed you, we do not believe the AP License Agreement is called for by the subpoena – not only do the terms of the subpoena limit documents to 2020, you also confirmed orally that Snyder was not looking for documents created at any time other than 2020.  That was one of the reasons we agreed to produce the documents we already have as a compromise.  We understood that you had limited the scope and acted in reliance on that representation.  You did not change your tune until we had already produced documents.  As I stated on the call with the Court, we are concerned that Snyder is continuing to expand the scope of the requests such that NCMI—a third party—will never be able to put this behind it.

Also, we previously informed you there were no documents responsive to your other new demands (also not covered by the subpoena).   The best that the Chowdharys could do would be to take screen shots of PubNinja's account information with the various companies that were generating ad revenue for PubNinja, which revenue was deposited into accounts of NCMI because it was U.S.-based account.   Of course, these are not documents of NCMI, but PubNinja, which is not subject to any subpoena.

If NCMI's principals agree to provide the documents you are now demanding, will this be the end of it?  Or will we face additional months of further document requests and demands that have no bearing on the allegedly defamatory articles?  If the former, NCMI will produce PubNinja's account information for the various ad revenue generators shown on the bank accounts and the AP License.   NCMI is a third party and should not be the subject of persecution by Snyder simply because he wants to use the *in terrorem* effect of litigation to dampen public comments about his very public life.

As to depositions:  NCMI has objected to providing any deposition and we disagree that the Court has ordered a deposition to take place.  All of NCMI's personnel are located in India, and NCMI personnel located there will not voluntarily give a deposition.  If there were a deposition in India as ordered by Judge Wilner **and** an Indian authority, the deponent would be Nirnay Chowdhary.   We disagree that the topics you set forth below are within the scope of the issued subpoena.

Regards,

Joe

**Joseph A. Meckes**
Partner
Squire Patton Boggs (US) LLP
T  +1 415 954 0201
M  +1 925 595 8225
joseph.meckes@squirepb.com

Exhibit A

**From:** Wirtschafter, Carla M. <CWirtschafter@ReedSmith.com>
**Sent:** Tuesday, January 19, 2021 11:38 AM
**To:** Meckes, Joseph A. <joseph.meckes@squirepb.com>
**Cc:** Siev, Jordan W. <JSiev@ReedSmith.com>
**Subject:** [EXT] RE: Snyder v New Content - Outstanding Discovery and Request to Meet and Confer

Hi Joe,

We have not received any response from you to the below email.  Please confirm that all requested documents will be provided in short order or advise what your clients position is on the documents requested so that we can meet and confer in advance of the conference next week.

Separately, we are confused by your continued assertion of arguments that the Court has already rejected.  Judge Wilner has made clear that Mr. Snyder is entitled to take the deposition of New Content's corporate representative.  At the last hearing you indicated for the first time that the corporate representative that New Content, a California corporation, intends to designate is Mr. Nirnay Chowdhardy or some other resident of India.   Accordingly, we will be requesting the necessary documents from Judge Wilner to present to the authorities in India and intend to take a sworn deposition by video or other means authorized by the Indian authority.  Please confirm that Mr. Nirnay Chowdhardy will be the deponent on all of the identified topics below so that we can proceed accordingly.

All rights continue to be reserved.

Regards,
Carla

**Carla M. Wirtschafter**
+1 310 734 5253
cwirtschafter@reedsmith.com
**ReedSmith** LLP
1901 Avenue of the Stars, Suite 700, Los Angeles, CA 90067
Telephone: +1 310 734 5200 Fax: +1 310 734 5299
*Please consider the environment before printing the contents of this email.*

**From:** Meckes, Joseph A. <joseph.meckes@squirepb.com>
**Sent:** Friday, January 8, 2021 12:04 PM
**To:** Wirtschafter, Carla M. <CWirtschafter@ReedSmith.com>
**Cc:** Siev, Jordan W. <JSiev@ReedSmith.com>
**Subject:** RE: Snyder v New Content - Outstanding Discovery and Request to Meet and Confer

EXTERNAL E-MAIL - From joseph.meckes@squirepb.com

Dear Carla,

Thank you for your email, which I will send on to our clients and discuss.

2

Exhibit A

As the proponent of a deposition in India, we think it is your burden to demonstrate that it is within the power of the Court to order such a deposition. We refer you to the State Department's website, which states: " Voluntary depositions of Indian nationals and third country nationals require prior permission of the Indian Central Authority for the Hague Evidence Convention."

Absent authority that the Court has authority to order a non-party to produce witnesses in a foreign jurisdiction—particularly where the United States' own government has stated such depositions are prohibited absent Central Authority permission—we will likely object to any depositions. Judge Wilner indicated he is unlikely to order depositions absent a showing that he has such authority.

In the alternative, NCMI is willing to cooperate by providing a written statement or perhaps answering written questions under oath.

Thank you,

Joe

**Joseph A. Meckes**
Partner
Squire Patton Boggs (US) LLP
T  +1 415 954 0201
M  +1 925 595 8225
joseph.meckes@squirepb.com

---

**From:** Wirtschafter, Carla M. <CWirtschafter@ReedSmith.com>
**Sent:** Friday, January 8, 2021 11:51 AM
**To:** Meckes, Joseph A. <joseph.meckes@squirepb.com>
**Cc:** Siev, Jordan W. <JSiev@ReedSmith.com>
**Subject:** [EXT] Snyder v New Content - Outstanding Discovery and Request to Meet and Confer

Hi Joe,

In an effort to facilitate the meet and confer Judge Wilner directed us to have an advance of the next status conference we identify the below additional documents that we are requesting and the deposition topics we intend to cover.

Documents
- A copy of the associated press license agreement, which was in effect through May 2020.
- Documents related to the purpose of the online wire transfers to Hdfc Bank Ltd Kanjur Mang East Mumbai India and referenced as "software development" on New Content's Chase Bank Statements, including documents related to the reason the payment was referred to as "software development" for the transactions on:
  - June 18, 2020 for $15,000 (NCM21)
  - July 28, 2020 for $10,000 (NCM18)
  - July 31, 2020 for $7,500 (NCM18)
  - September 21, 2020 for $7,500 (NCM40)
  - October 5, 2020 for $8,500 (NCM35)
  - November 18, 2020 for $1,414 (NCM31)

Exhibit A

- Documents related to the purpose of the deposit on July 31, 2020 for $1,000 from Nirnay Chowdhary's personal account and the reason Mr. Chowdhary was making a payment to New Content (NCM18)
- Records reflecting the Stripe payments New Content received in June 2020 and July 2020 and the nature and purpose of the revenue New Content was collecting on behalf of PubNinja (NCM42)
- Records reflecting the nature and purpose of the deposits New Content received from Gumgum Inc., Teads Inc. and Amazon Co. between April 2020 and September 2020 totaling approximately $41,781.

If New Content has conducted a diligent search and reasonable inquiry for additional documents, and is unable to locate further documents (to any of the above) please provide a signed statement from New Content, stating that it conducted a diligent search and reasonable inquiry and found no documents related to the transaction(s) identified above.

Deposition Topics
- New Content's business relationship with and activities on behalf of MEAWW, Eleven, PubNinja, and The Daily Net
- The defamatory articles, including without limitation the statements about those articles in the declarations of Mr. Nirnay Chowdhary filed with the Court at Dkts. 30-2, 32.
- Mr. Snyder, including without limitation the statements about him in the declarations of Mr. Nirnay Chowdhary filed with the Court at Dkts. 30-2, 32.
- The Washington Football Team, including its owners, managers, and principals thereof, as well as any present of former employee(s) or agent(s) thereof, including without limitation the statements about them in the declarations of Mr. Nirnay Chowdhary filed with the Court at Dkts. 30-2, 32.
- The transactions identified in the document requests above.
- The servers, files and records New Content searched for documents responsive to the requests.
- New Content's document retention policies and procedures.

We understand that you may believe that your statements in emails and your clients declarations are sufficient, but we respectfully disagree.  As Judge Wilner has previously stated, we are entitled to ask questions and to cross examine New Content's corporate representative about these matters under Rules 26 and 30 of the Federal Rules of Civil Procedure.

In addition, during the hearing you referred to a regulation in India which you stated prohibited your client from "voluntarily" appearing at a deposition.  Please advise if you are taking the position that you cannot produce Mr. Chowdhary – or another corporate representative from India – to testify.  If so, please provide us with the authority you contend would prevent Mr. Nirnay Chowdhary or other individuals residing in India from appearing for a video deposition in response to the subpoena on New Content.

In an effort to ensure we have sufficient time to meet and confer before the next conference, kindly provide your response by January 14 so that we have sufficient time to continue discussions about any outstanding issues.

All rights are reserved, including the right to add additional document requests and deposition topics.

Regards,
Carla

**Carla M. Wirtschafter**
+1 310 734 5253
cwirtschafter@reedsmith.com
ReedSmith LLP
1901 Avenue of the Stars, Suite 700, Los Angeles, CA 90067
Telephone: +1 310 734 5200 Fax: +1 310 734 5299
*Please consider the environment before printing the contents of this email.*

* * *

Exhibit A

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

Disclaimer Version RS.US.201.407.01

---------------------------------------------------------------------

45 Offices in 20 Countries

This message is confidential and may be legally privileged or otherwise protected from disclosure. If you are not the intended recipient, please telephone or email the sender and delete this message and any attachment from your system; you must not copy or disclose the contents of this message or any attachment to any other person.

For information about how Squire Patton Boggs processes UK and EU personal data that is subject to the requirements of applicable data protection laws, please see our Privacy Notice regarding the processing of UK and EU personal data about clients and other business contacts at www.squirepattonboggs.com.

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities. Please visit www.squirepattonboggs.com for more information.

#US
---------------------------------------------------------------------

Exhibit A