# EXHIBIT B

## Wirtschafter, Carla M.

| | |
|---|---|
| **From:** | Meckes, Joseph A. <joseph.meckes@squirepb.com> |
| **Sent:** | Sunday, January 24, 2021 6:16 PM |
| **To:** | Wirtschafter, Carla M. |
| **Cc:** | Siev, Jordan W. |
| **Subject:** | RE: Snyder v New Content - Outstanding Discovery and Request to Meet and Confer |

==EXTERNAL E-MAIL - From joseph.meckes@squirepb.com==

Dear Carla,

We do not understand from the minutes of the last status conference that the Court ordered the parties to submit a joint statement. The Court stated that the parties "may" submit a joint report, which we interpret to mean that a joint report is optional.

As stated below, the document that you have styled as a "joint status report" appears to be discovery motion that does not comply with Civil Local Rules 7 and 37.

While it may be help to provide the Court an update on status (e.g., Snyder informing the Court that he intends to make a motion to compel), we will not join in filing this discovery motion under the pretext that it is a status report. This would be inconsistent with, and appears intended to bypass, the Court's rules. If Snyder chooses to file this motion unilaterally without complying with the Local Rules, you are **not** authorized to include our signature, and you should not call this a "joint" report.

If Snyder wishes to file a joint status report, please remove all requests for relief and legal argument, and we will provide our comments.

We continue to remain available to meet and confer to resolve outstanding issues. We believe that our last compromise offer was reasonable under the circumstances. Snyder's refusal even to consider any limits on future discovery or to consider anything other than a formal remote deposition, however, does not seem intended to resolve the remaining issues cooperatively.

Regards,

Joe


**Joseph A. Meckes**
Partner
Squire Patton Boggs (US) LLP
T  +1 415 954 0201
M  +1 925 595 8225
**joseph.meckes@squirepb.com**

Exhibit B

**From:** Wirtschafter, Carla M. <CWirtschafter@ReedSmith.com>
**Sent:** Saturday, January 23, 2021 2:52 PM
**To:** Meckes, Joseph A. <joseph.meckes@squirepb.com>
**Cc:** Siev, Jordan W. <JSiev@ReedSmith.com>
**Subject:** [EXT] RE: Snyder v New Content - Outstanding Discovery and Request to Meet and Confer

Hi Joe,

Per the court's order at Dkt. 41 and instruction during the December 9 hearing, the draft includes Petitioner's portion of the court requested joint report regarding the status of discovery, which we will be submitting on Monday. Kindly provide Respondent's portion by 5 pm on Monday so that we can include it in the document and timely file in accordance with Judge Wilner's order.

Regards,
Carla


**Carla M. Wirtschafter**
+1 310 734 5253
Cwirtschafter@reedsmith.com
ReedSmith LLP
1901 Avenue of the Stars, Suite 700, Los Angeles, CA 90067
Telephone: +1 310 734 5200 Fax: +1 310 734 5299
*Please consider the environment before printing the contents of this email.*

---

**From:** Meckes, Joseph A. <joseph.meckes@squirepb.com>
**Date:** Saturday, Jan 23, 2021, 2:43 PM
**To:** Wirtschafter, Carla M. <CWirtschafter@ReedSmith.com>
**Cc:** Siev, Jordan W. <JSiev@ReedSmith.com>
**Subject:** RE: Snyder v New Content - Outstanding Discovery and Request to Meet and Confer

EXTERNAL E-MAIL - From joseph.meckes@squirepb.com

Dear Carla,

I've looked over your draft briefly.

This appears to be a motion. Please comply with Local Rule 7.

Thank you,

Joe

**Joseph A. Meckes**
Partner
Squire Patton Boggs (US) LLP
T  +1 415 954 0201
M  +1 925 595 8225
joseph.meckes@squirepb.com

**From:** Wirtschafter, Carla M. <CWirtschafter@ReedSmith.com>
**Sent:** Saturday, January 23, 2021 1:22 PM
**To:** Meckes, Joseph A. <joseph.meckes@squirepb.com>
**Cc:** Siev, Jordan W. <JSiev@ReedSmith.com>
**Subject:** [EXT] RE: Snyder v New Content - Outstanding Discovery and Request to Meet and Confer

Hi Joe,

At this point, we believe the Court's intervention is necessary and the most efficient way to resolve the remaining disputes. Accordingly, please see attached draft joint report with Petitioner's statement to submit to the Court on Monday. Kindly provide Respondent's statement by 5 pm on Monday so we can insert into the document and file.

If you believe a further meet and confer would be helpful, please let us know.

Regards,
Carla

**Carla M. Wirtschafter**
+1 310 734 5253
cwirtschafter@reedsmith.com
ReedSmith LLP
1901 Avenue of the Stars, Suite 700, Los Angeles, CA 90067
Telephone: +1 310 734 5200 Fax: +1 310 734 5299
*Please consider the environment before printing the contents of this email.*

**From:** Meckes, Joseph A. <joseph.meckes@squirepb.com>
**Sent:** Friday, January 22, 2021 10:50 AM
**To:** Wirtschafter, Carla M. <CWirtschafter@ReedSmith.com>
**Cc:** Siev, Jordan W. <JSiev@ReedSmith.com>
**Subject:** RE: Snyder v New Content - Outstanding Discovery and Request to Meet and Confer

EXTERNAL E-MAIL - From joseph.meckes@squirepb.com

Dear Carla,
Thank you for your email. As I previously informed you, we do not believe the AP License Agreement is called for by the subpoena – not only do the terms of the subpoena limit documents to 2020, you also confirmed orally that Snyder was not looking for documents created at any time other than 2020. That was one of the reasons we agreed to produce the documents we already have as a compromise. We understood that you had limited the scope and acted in reliance on that representation. You did not change your tune until we had already produced documents. As I stated on the call with the Court, we are concerned that Snyder is continuing to expand the scope of the requests such that NCMI—a third party—will never be able to put this behind it. Also, we previously informed you there were no documents responsive to your other new demands (also not covered by the subpoena). The best that the Chowdharys could do would be to take screen shots of PubNinja's account information with the various companies that were generating ad revenue for PubNinja, which revenue was deposited into accounts of NCMI because it was U.S.-based account. Of course, these are not documents of NCMI, but PubNinja, which is not subject to any subpoena.
If NCMI's principals agree to provide the documents you are now demanding, will this be the end of it? Or will we face additional months of further document requests and demands that have no bearing on the allegedly